■ GUY WILLIAMSON, by His Parent and Natural Guardian, MERLIN WILLIAMSON, et al., Respondents, v BOARD OF EDUCATION OF BERNE-KNOX JR. SR. HIGH SCHOOL et al., Appellants.—Appeal from a judgment of the Supreme Court, entered January 23, 1975 in Albany County, upon a verdict rendered at a Trial Term in favor of plaintiff and from an order of said court which denied defendants' motion to set aside the verdict. On September 18, 1971, a Saturday, the senior class of the defendant high school, with the approval of the school authorities, proceeded first to Thatcher Park and thereafter to Polecat Park for the purpose of taking pictures to be used in the school's yearbook. Arrangements for the outing had been made by two of the school's teachers who were assigned to accompany the class. Two of the seniors, Michael Stevens and Karl Pritchard, motorcycle enthusiasts, were desirous of having their pictures taken while astride their field motorcycles, and were permitted to bring their cycles to Polecat Park by truck. After unloading the vehicles at the parking lot area, the two boys rode their bikes along a narrow dirt road or trail in fairly open country, to and through a wooded area to a clearing where the pictures were to be taken. In the presence of some of their classmates and the two teachers, Stevens and Pritchard practiced their cycle maneuvers, and at least one action picture of Stevens was taken. At some point, Pritchard remembered the need for some money which he had left in the truck and took off for the parking lot with Stevens following. As he was emerging from the wooded area, Pritchard was operating his cycle at approximately 30 miles per hour, and the infant plaintiff was approaching on foot on his left-hand side of the trail. Almost simultaneously, Pritchard pulled to his left, and plaintiff sprang to his right and was struck by the cycle and knocked forcibly to the ground. An action for personal injuries, bottomed on a claim of inadequate supervision, was commenced on behalf of the infant against the Board of Education of the Berne-Knox Jr. Sr. High School and the Berne-Knox Central School District, as was a derivative action for the infant's father. Verdicts against the board of education and in favor of the plaintiffs were returned after a jury trial. On appeal, the defendant contends that the trial court erred in permitting the receipt in evidence, over objection, of a photograph of the cyclist Stevens, performing a stunt prior to the accident, upon the ground that the photograph was incompetent and highly prejudicial. It is to be noted that the photograph was admitted after careful comment from the court as to the limited purpose of its receipt, which was solely to show the general activity of the cyclists as it might or might not bear on the question of notice, and we find no error. The defendant further contends that no recovery should have been permitted because the infant plaintiff was guilty of contributory negligence and because the defendant board did not have notice of a dangerous condition or situation. These contentions are without merit. The trial court in a charge that was complete, clear and correct and in no manner excepted to by the defendants, spelled out the issues of notice and contributory negligence, along with the other issues raised by the testimony and the law applicable to the resolution of those issues. Accordingly, we find no reason to disturb the jury's verdict. Judgment and order affirmed, with costs. Herlihy, P. J., Sweeney and Main, JJ., concur; Larkin and Reynolds, JJ., dissent and vote to reverse in the following memorandum by Larkin, J. Larkin, J. (dissenting). We disagree with the conclusion of the majority that the trial court properly admitted

into evidence, over objection, the photograph of Stevens doing a "wheelie" on a motorbike prior to the accident. The photograph did not show either the defendant or the motorbike involved and depicted an event remote in time and space from the accident. There was no testimony indicating that defendant was engaged in this or similar activity at the time his vehicle struck the infant-plaintiff. Plaintiffs failed to establish that defendants' agents were aware of the activity depicted prior to the accident and, consequently, the photograph was not competent on any issue of notice. We conclude that in view of the highly prejudicial effect of the photograph when weighed against its minimal probative value that the trial court committed reversible error in allowing its admission. The judgment should be reversed and a new trial ordered.