Jasen, J.
(dissenting). I would reverse the order of the Appellate Division. In my view, it was error to introduce into evidence a photograph depicting an uninvolved student driving a motorcycle in a reckless fashion at a time and place remote from the accident which injured the plaintiff. In addition, the trial court failed to charge the jury properly with respect to the kind of notice necessary to trigger the liability of the school board.
Plaintiff Guy Williamson was a member of the senior class at the Berne-Knox Junior-Senior High School. As is traditional in high schools across the Country, the senior class at Berne-Knox published a yearbook which would include photographs of the graduating seniors. The yearbook was the responsibility of members of the student body and the project was managed entirely by the students, with members of the faculty serving in an advisory capacity. The individual student portraits were taken by a commercial photographer who was paid by the students and their families according to the orders submitted. The faculty advisers were responsible for making the arrrangements with the photographer. However, this arrangement was for the convenience of the students and actual photographic sessions were not a part of any yearbook-related school activity.
The students in Guy Williamson’s class, following a national trend, elected to have their photographs taken in a natural *981 setting rather than in the confines of a commercial studio. Accordingly, the faculty advisers arranged for a commercial photographer to meet with individual students on a Saturday, away from the school premises, at a public park and, later, at a private park in the vicinity. On September 18, 1971, the day appointed for the taking of the photographs, the photographer took the pictures of several students in the morning at Thacher Park. Later in the day, the photographer took photographs at a private park known as Polecat Park. The faculty obtained the permission of the owner to enter the park for the purpose of taking photographs. Two students arrived at this location with motorcycles, which, to the knowledge of the faculty, they intended to use as props in their photographs. The vehicles were "trail” motorcycles, were not registered with the Department of Motor Vehicles, and were brought to the park by truck. While awaiting their turn with the photographer, both students, Michael Stevens and Karl Pritchard, rode about in a field away from the scene of the photographic activity. They practiced various stunts. Two teachers were in the park at the photographic locale and there was some evidence that the teachers observed the students driving the motorcycles and did not attempt to regulate their manner of driving. At some point, the students discovered that they had insufficient funds to leave the photographer a deposit. They drove their vehicles down a park trail, intending to return to their truck. The plaintiff was walking up the trail with a group of fellow students on the way to the site of the photography. Despite the efforts of both plaintiff and Karl Pritchard to avoid a collision, Pritchard’s vehicle struck and injured the plaintiff. Williamson and his father sued the board of education and the central high school district for negligence.
At the trial of the damage action, the plaintiffs introduced into evidence a photograph from the yearbook depicting Michael Stevens driving a motorcycle with its front wheel high in the air. There was proof that this photograph had been taken prior to plaintiff’s accident. The court admitted the photograph, over objection, on the limited ground that "this was the type of activity in which the students were engaged generally at the time these photographs were being taken for yearbook purposes, and which was the time when this plaintiff was allegedly injured.” Later, the court declined to charge the jury, as defendants requested, that the board and the school district would not be liable unless they had actual notice that *982 Pritchard was not a competent operator, or that Pritchard had a propensity to operate a motorbike in a dangerous manner or that there had been similar accidents in the past caused by the presence of motorbikes. Instead, the court instructed the jury simply that since the teachers had notice of the fact that motorcycles would be present and the teachers were agents of the defendants, the defendants would be liable if they failed to provide adequate supervision of the motorcycles. The jury found for the plaintiffs and a judgment in their favor was entered. The Appellate Division affirmed the judgment, with two Justices dissenting. (50 AD2d 667.) The dissenters were of the view that the introduction of the photograph was reversible error "in view of the highly prejudicial effect of the photograph when weighed against its minimal probative value”. (50 AD2d, at p 668.)
I agree with the dissenters at the Appellate Division that the introduction of the photograph was a grave and reversible error. It is old law that photographs, as with other forms of real evidence, may not be admitted into evidence unless their probative value outweighs the danger of undue prejudice. (Smith v Lehigh Val. R. R. Co., 177 NY 379, 384; Richardson, Evidence [10th ed], § 131, p 104.) Here, the prejudicial effect was great and the probative value nonexistent. The photograph depicts an underaged youth driving a large motorcycle down a narrow path in a patently dangerous fashion. The driver depicted on the photograph was not the same student who drove into the plaintiff, nor was the vehicle being driven in the same manner as the vehicle that struck the plaintiff. There is no claim, nor is there any evidence, that the vehicle involved in the accident was in fact being operated in the manner depicted on the photograph.
The trial court, perceiving the potential for prejudice, thought that the photograph was admissible to show the activity that students were engaging in at or near the scene of the photograph taking. However, there was no connection between the photographically related activity and the accident which injured plaintiff. The only similarity is that both the photograph and the accident involved a motorcycle. At the time of the accident, the vehicle was different, the driver was different, the manner of operation was different, the location was different, and the time was different. Moreover, there was ample proof, without the photograph, to the effect that Pritchard, as well as Stevens, performed stunts prior to the accident. *983 There was,„ however, no proof that the stunts performed prior to the accident in any way contributed to or even were related to the accident. Under these circumstances, the introduction of a photograph depicting student stunt driving was, obviously highly prejudicial.
On this appeal the plaintiffs do.not rely on the theory of the trial court, but instead contend that the photograph was competent to prove notice on the part of the faculty. This argument is not persuasive because there was no proof that any faculty member observed this particular photograph being taken or actually witnessed the performance of the particular stunt that it depicts. Nor is the photograph one that shows a teacher as a bystander. The evidence that the teachers had knowledge of motorcycle operation came from wholly outside the photograph. In short, the photograph is not proof that anyone had notice of anything. The photograph was without probative value and should have been excluded.
In my view, the court also failed to charge the jury properly with respect to the question of defendants’ liability. The defendants’ requested charge was a proper and correct statement of the law. A school is responsible to supervise the children within its charge and is required to "take energetic steps to intervene * * * if dangerous play comes to its notice while children are within its area of responsibility.” (Lawes v Board of Educ., 16 NY2d 302, 305.) The school must take steps to protect children from the threatened negligence of a third party provided that the children are in its charge. (Pratt v Robinson, 39 NY2d 554, 560.) Here, there was no proof whatsoever that the children were in the charge of the school. The taking of yearbook photographs was not a school activity. If the photographs had not been taken in the park, they would have been taken at a commercial studio. The photographs were taken by a commercial photographer, paid for directly by the students, and the arrangements were made by the faculty advisers simply as a convenience to the many students involved. The photographs were taken on a weekend, not on school time, and at a site distant from the school premises. The students arrived at the park on their own timetable and were not under any compulsion of school authorities to participate at all. The students were not in the control or in the custody of the school and its employees. The teachers were, however, on the scene, in an advisory capacity. Hence, in my view, the school would be responsible only for accidents aris *984 ing out of dangerous conditions that the teachers either participated in or actively condoned. Therefore, the trial court erred when it refused to charge the jury that the school board and school district would not be liable unless the teachers had notice or knowledge that Pritchard was a dangerous operator, or that Pritchard had a propensity to operate motorcycles in a dangerous manner, or that there had been prior accidents under similar circumstances. There was nothing inherently wrong in operating motorcycles on the park grounds. Since the teachers were not present in any official capacity, but only as informal advisers, there was no duty upon them to prevent motorcycle operation. Although there would be a duty to prevent or at least caution against dangerous operation, there was no proof that the injuries sustained by the plaintiff were occasioned by a dangerous operation of which the teachers had notice or knowledge. Hence, the court’s charge was erroneous and prejudicial. I believe that a new trial should be ordered and, accordingly, vote to reverse the order of the Appellate Division.
Order affirmed, etc.