(July 31, 1980)

■ PETROBRAS COMERCIO INTERNACIONAL, S. A., INTERBRAS, Respondent, v INTERSHOE, INCORPORATED, Appellant.—Order of the Supreme Court, New York County, entered October 5, 1979, modified, on the law and the facts, to the extent of denying plaintiff's cross motion to dismiss defendant's affirmative defenses and counterclaims and, as so modified, affirmed, without costs. Defendant Intershoe, Incorporated (Intershoe), is a Canadian corporation engaged in the importation of Brazilian shoes. It is qualified to do business in this State and has its principal office here. Calcado Schirley S. A., Industria de Comercio (Schirley) is a Brazilian shoe manufacturer. Petrobras Comercio Internacional, S.A., Interbras (Interbras) is a wholly owned subsidiary of the Brazilian oil monopoly. It is authorized to do business in this State. On June 9, 1976, Intershoe entered into an agreement with Schirley by the terms of which Schirley sold to Intershoe 31,674 pairs of shoes and

sandals, to be shipped at intervals by Schirley to Intershoe in this State. Inasmuch as Schirley had secured financing from Interbras either on this transaction or on other transactions, or both, the agreement provided that payment was to be made through a bank to Schirley unless the goods were invoiced by Interbras. In that event payment was to be made to Interbras through the bank. The first four shipments were invoiced by Interbras and, accordingly, Intershoe paid the invoiced price of $77,587.50 to Interbras through the bank. An additional five shipments were made which were also invoiced by Interbras. However, Intershoe refused to pay the invoiced price which totaled $215,039. This suit to recover that sum followed. Intershoe submitted an answer containing nine affirmative defenses, six of which are also denominated as counterclaims. In brief, these allege that the shoes were defective and did not conform to the samples; that the shoes were shipped by Intershoe to its customers who, by reason of the defective condition of the shoes shipped, have refused further to do business with Intershoe, with resultant loss to it; and that Schirley breached express and implied warranties of merchantability and fitness for use. Also urged by way of defense is the claim that Schirley's indebtedness to Interbras has been paid and, therefore, Interbras has no interest in any claim which Schirley may have against Intershoe. Consequently, it is claimed, Interbras is not the real party in interest. Upon the completion of extensive discovery, Intershoe moved for summary judgment basing its motion on the claim that Interbras is not the real party in interest. Alternatively, it sought partial summary judgment predicated on the claim that the suit sought recovery of $11,925 for 900 pairs of boots shipped by Schirley to Intershoe which were not encompassed within the agreement of June 9, 1976 but which were also invoiced by Interbras. It is claimed that Interbras has no interest in any recovery to which Schirley may be entitled therefor. Interbras cross-moved to strike Intershoe's affirmative defenses and counterclaims. Special Term granted Interbras' cross motion and struck Intershoe's affirmative defenses and counterclaims. It denied Intershoe's motion for summary judgment or, alternatively, for partial summary judgment. We treat first with the cross motion. It was based upon the contention that Brazilian law governs and that while Brazilian law recognizes the equivalent of our law of implied warranty, it requires that claim for any such breach must be made within 10 days after delivery of the goods. Special Term treated the motion as one for summary judgment. By granting it, it effectively disposed of Intershoe's claims without affording it the opportunity to respond to that kind of motion. While CPLR 3211 (subd [c]) gives the court the power to treat a motion addressed to the pleadings as one for summary judgment, it may do so only "after adequate notice to the parties". Here, no such notice was given to Intershoe and there is no showing that it had the opportunity to contact a Brazilian lawyer so that the issue of Brazilian law could appropriately be framed for the court. Moreover, there is serious question as to whether Brazilian law applies. While determination of the applicable law is a question of law for the court, the "significant association or cluster of significant contacts" required to establish the applicable law (Greenspun v Lindley, 36 NY2d 473, 477; see, also, Cousins v Instrument Flyers, 44 NY2d 698; Uniform Commercial Code, § 1-105, subd [1]) must be developed factually. Although the record discloses that contacts with Brazil are substantial, it also demonstrates that there are substantial contacts with this State. A determination of the applicable law must, therefore, await complete development of the facts. As to the motion by Intershoe, we think that matter was properly decided by Special Term. The contention that Interbras is not the

real party in interest inasmuch as its claim has ,already been paid by Schirley is patently without merit. Whatever may be the rights of Schirley against Interbras or of Interbras against Schirley, that is a matter between them and does not inure to the benefit of Intershoe. A somewhat closer situation is presented by the alternative claim for partial summary judgment. Whether or not the relationship between Schirley and Interbras is such that Interbras is the collection agent on this account for Schirley is not so clearly demonstrated that it may be disposed of summarily. It must await fuller development at a trial. Concur—Murphy, P. J., Kupferman, Birns, Bloom and Lynch, JJ.