■ HARRY G. RUVOLO, as Administrator of the Estate of DANIEL RUVOLO, Deceased, Appellant, v THEODORE FROBIN et al., Respondents. — Order of the Supreme Court, New York County (Maresca, J.), entered February 10, 1981, granting reargument and, upon reargument, adhering to the court's original determination denying plaintiff's motion to dismiss the first, second, third and sixth defenses asserted by defendant Frobin, unanimously reversed, with costs, on the law, and the motion to strike the first, second, third and sixth

affirmative defenses of defendant Frobin granted. This action arises by reason of a three-car collision at or near the intersection of Interboro Parkway and Van Wyck Expressway in the County of Queens. Plaintiff's intestate, a passenger in one of the vehicles, suffered injuries which resulted in his death. The second amended complaint, which names the owners of the three vehicles as defendants, sets forth two causes of action: the first for wrongful death and the second for pain and suffering which occurred between the accident and death. The defendants interposed answers setting forth various defenses. A motion to strike these defenses was granted except as to the first, second, third and sixth affirmative defenses of defendant Frobin. Plaintiff appeals from so much of the Special Term's order on reargument as denied his motion to strike these defenses. The first defense asserts that the second amended complaint fails to state a cause of action; the second, that plaintiff's exclusive remedy is under the "no-fault" statute; the third, that plaintiff did not sustain a "serious injury" as defined by the "no-fault" law; and sixth, that plaintiff's claim is barred by section 673 of the Insurance Law. As to the first defense, it is evident from a mere reading of the second amended complaint that the causes of action are sufficiently stated. While CPLR 3211 (subd [e]) permits this claim to be reserved to a "later pleading, if one is permitted", when the defense is challenged the affected defendant must come forward and indicate the defect, if any, in pleading. Frobin has failed to do so. Similarly, Frobin's claim that plaintiff's exclusive remedy lies under the "no-fault" law (Comprehensive Automobile Insurance Reparations Act, Insurance Law, § 670 et seq.), is without merit. While under subdivision 1 of section 673, plaintiff may not recover in this action for basic economic loss as that term is defined in subdivision 1 of section 671 (Matter of Granger v Urda, 44 NY2d 91, 95), he may recover other damages suffered if the injury suffered was "serious injury". Basic economic loss is but an insignificant part of plaintiff's claim since his intestate died the same day as the accident. The third defense, i.e., that plaintiff's intestate did not suffer a serious injury, is palpably insufficient, since under subdivision 4 of section 671 " 'Serious injury' means personal injury which results in death". The sixth defense is a repetition, in other language, of the second defense and is subject to the same infirmity. Concur — Birns, J. P., Ross, Silverman, Bloom and Fein, JJ.