■ ROSE WHEELER, Individually and as Parent and Natural Guardian of LAURA WHEELER, an Infant, Plaintiff, v STEVENSVILLE HOTEL AND COUNTRY CLUB, Defendant and Third-Party Plaintiff-Appellant. BELVIDERE BOARD OF EDUCATION, Third-Party Defendant-Respondent. — Appeal from that part of an order of the Supreme Court at Special Term (Bradley, J.), entered June 7, 1983 in Sullivan County, which denied defendant and third-party plaintiff's motion to dismiss the second and third affirmative defenses contained in the answer of third-party defendant. ¶ The underlying negligence action was brought to recover damages for injuries allegedly sustained by the infant who fell on the property of defendant and third-party plaintiff, the Stevensville Hotel and Country Club (Hotel), while on a high school outing which had been authorized by third-party defendant, Belvidere Board of Education (Board), and supervised by its agents and employees. Plaintiff is a New Jersey resident, the Hotel is located in Sullivan County and the Board is a New Jersey entity. ¶ Plaintiff sued the Hotel which in turn impleaded the Board, claiming that the latter was negligent in failing to properly supervise the infant. The Board's answer contained four affirmative defenses, the first and fourth of which were dismissed. The second and third affirmative defenses provide, respectively, that "the third party plaintiff's complaint fails to set forth sufficient facts to state a cause of action as against the third party defendant" and "improper supervision or lack of supervision is insufficient to cast liability upon the third party defendant". It is urged by the Hotel that the second and third affirmative defenses should also have been dismissed. ¶ In both New Jersey and New York, a cause of action against a board of education for failure to adequately supervise children within its charge has been recognized (*Titus v Lindberg,* 49 NJ 66; *Williamson v Board of Educ.,* 50 AD2d 667, affd 40 NY2d 979). At least

in New York, however, whether a cause of action of this character does indeed exist in a particular instance depends upon an examination of the facts as developed (compare *Thompson v Ange*, 83 AD2d 193, with *Lauricella v Board of Educ.*, 52 AD2d 710, 711). Moreover, development of the facts herein is also necessary to enable the court to determine whether New York or New Jersey law applies to this occurrence (*Petrobras Comercio Int. S.A., Interbras v Intershoe, Inc.*, 77 AD2d 546). ¶ By alluding to *Thompson v Ange* (*supra*) in its affidavit in opposition to the motion to strike the affirmative defenses, the Board has come forward with the basis for those defenses — namely, that under New York law a board of education does not have an absolute duty to supervise its students in all circumstances (cf. *Ruvolo v Frobin*, 85 AD2d 504). Since the Board indicated in what respect the remaining defenses have merit and there is no foreseeable prejudice to the Hotel, these defenses should be permitted to remain for they simply serve notice on the Hotel of the Board's position (*Riland v Todman & Co.*, 56 AD2d 350). ¶ Order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.