■ JOANN PUMP, Individually and as Legal Guardian of JOSEPH PUMP, JR., an Infant, Appellant, v ANCHOR MOTOR FREIGHT, INC., Respondent.—Mercure, J. Appeal from an order of the Supreme Court (Dier, J.), entered August 6, 1987 in Washington County, which denied plaintiff's motion for modification of defendant's request for a bill of particulars, dismissal of defendant's counterclaim and dismissal of defendant's first affirmative defense.

Plaintiff commenced this action to recover damages for alleged personal injuries suffered in a collision between an automobile operated by her and occupied by her infant son, Joseph Pump, Jr., and a truck owned by defendant and operated by its employee. The complaint alleges, *inter alia,* that both plaintiff and her son sustained serious injury as defined in Insurance Law § 5102 (d).

The answer pleads three affirmative defenses. The first, the only one at issue here, alleges "[t]hat paragraphs numbered '9' through '10' fail to state a cause of action". The answer also pleads a counterclaim sounding in contribution or indemnity, alleging that the injuries sustained by Joseph Pump, Jr., were caused by the negligence of plaintiff and seeking recovery over against her, in whole or in part, for the amount of any sum recovered against defendant. At the time of service of the answer, defendant also served a request for a bill of particulars, seeking particulars as to some 38 separate items.

Plaintiff moved for an order modifying the request for a bill of particulars, dismissing the counterclaim for failure to state a cause of action and striking the first affirmative defense. Supreme Court denied the motion in all respects, and plaintiff appeals.

We affirm. It was well within Supreme Court's discretion to deny the branch of the motion seeking to modify the demand for a bill of particulars as the papers in support thereof did not "specify clearly the objections and the grounds therefor" (CPLR 3042 [a]). Rather, it was alleged in wholly conclusory terms that "[d]efendant's demands call for evidentiary details properly disclosed by way of the disclosure devices of Article 31 of the CPLR". The only demands specifically addressed in the motion, those seeking information concerning medical treatment and expense, are allowable *(see,* CPLR 3043 [a] [6], [7]; [c]). Supreme Court also acted properly in denying the branch of the motion seeking dismissal of defendant's counterclaim. Viewed liberally *(see,* CPLR 3026), the counterclaim does state a cause of action.

Last, Supreme Court was correct in denying the motion to strike the first affirmative defense pleaded in the answer. The propriety of asserting the defense of failure to state a cause of action and the proper method of dealing with motions to strike the same have been considered by courts and at least one commentator, with varying views. The First Department is of the opinion that pleading the defense is unnecessary, at worst constituting harmless surplusage, and that a motion to strike the same should be denied as unnecessary *(see, Riland v*

*Todman & Co.,* 56 AD2d 350). The Second Department holds that the defense may not be pleaded and that, accordingly, the motion to strike it lies *(see, Bentivegna v Meenan Oil Co.,* 126 AD2d 506, 507-508; *Glenesk v Guidance Realty Corp.,* 36 AD2d 852, 853).* Inasmuch as our determination in *Wheeler v Stevensville Hotel & Country Club* (103 AD2d 945) has been the source of some confusion *(see, e.g., Molinari v Molinari,* 134 Misc 2d 998), despite its specific citation to *Riland v Todman & Co. (supra),* we shall now state unequivocally that the rule in this Department, as in the First Department, is that the pleaded defense of failure to state a cause of action is harmless surplusage and a motion to strike it should be denied as unnecessary *(accord,* Siegel, 1987 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:38 [1988 Supp Pamph], at 2-3).

Order affirmed, with costs. Mahoney, P. J., Kane, Weiss, Levine and Mercure, JJ., concur.