■ SCHMIDT'S WHOLESALE, INC., Appellant, v MILLER & LEHMAN CONSTRUCTION, INC., Respondent, et al., Defendants.— Crew III, J. Appeal from an order of the Supreme Court (Bradley, J.), entered May 31, 1990 in Sullivan County, which denied plaintiff's motion to dismiss the affirmative defenses in the answer of defendant Miller & Lehman Construction, Inc.

Plaintiff provided various plumbing and electrical materials used in the construction of a building on real property owned jointly by defendants Miller & Lehman Construction, Inc. (hereinafter defendant) and Luis B. Ricart. The materials were provided from February 13, 1989 to March 20, 1989. Plaintiff filed a mechanic's lien against the property on July 13, 1989 and commenced this action to foreclose the lien. Defendant served an answer containing the following affirmative defenses: (1) any damage sustained was attributable to the culpable conduct of plaintiff, (2) the complaint failed to state a cause of action, (3) the complaint failed to state a claim upon which relief could be granted, (4) defendant was not a proper party, and (5) the action is barred by laches. Plaintiff moved to dismiss the five affirmative defenses and Supreme Court denied the motion.

Initially, plaintiff claims that defendant's affirmative defenses are invalid because they are pleaded in conclusory fashion and without sufficient particularity. We disagree. It is well settled that pleadings should be liberally construed and should not be dismissed unless a substantial right of a party is prejudiced (CPLR 3026; *Guggenheimer v Ginzburg,* 43 NY2d 268, 275). Inasmuch as bills of particulars can be had to amplify a defense, dismissal of defenses with a subsequent requirement of repleading should be frowned upon (CPLR 3041; *see, e.g., Grossman v Osteopathic Hosp. & Clinic,* 121 Misc 2d 533).

Plaintiff next contends that a "culpable conduct" defense as defined in CPLR 1411 is not applicable to a mechanic's lien foreclosure action. We agree. The "culpable conduct" provision of CPLR 1411 is applicable to actions to recover damages for personal injury, injury to property or wrongful death. Although defendant's contention that the section is not limited to personal injury actions is well taken, it is clear that the statute encompasses apportionment of responsibility in tort actions and is inapplicable to actions of the sort here involved *(see, Lippes v Atlantic Bank,* 69 AD2d 127, 136). While defendant's contention that plaintiff is guilty of "culpable conduct" if it provided materials without consent may be true in the generic sense, it is not an affirmative defense. To the contrary, it is plaintiff's burden, in order to be entitled to recovery, to prove that materials were supplied at the behest of defendant *(see,* Lien Law § 3; *Harner v Schecter,* 105 AD2d 932). While defendant is at liberty to disprove that fact, it has no affirmative obligation to do so.

Plaintiff's contention that Supreme Court erred in refusing to dismiss the affirmative defenses of failure to state a cause of action and failure to state a claim upon which relief can be granted is without merit. This court has specifically held that such defenses are "harmless surplusage and a motion to strike [them] should be denied as unnecessary" *(Pump v Anchor Motor Frgt.,* 138 AD2d 849, 851).

Next, plaintiff contends that defendant's fourth affirmative defense, that defendant was not a proper party, is invalid as a matter of law. We agree. In an action to enforce a lien against real property, all record owners of the property are necessary parties to the action (Lien Law § 44 [3]; *Martirano Constr. Corp. v Briar Contr. Corp.,* 104 AD2d 1028). Defendant has admitted in the first paragraph of its answer that it is the owner of the real property in issue and it therefore cannot claim that it is not a proper party to the action.

Finally, plaintiff asserts that the affirmative defense of laches is inapplicable in this case as a matter of law. We agree. Where, as here, a foreclosure action is commenced within the limitations period provided for, the doctrine of laches is no defense *(First Fed. Sav. & Loan Assn. v Capalongo,* 152 AD2d 833, *lv dismissed* 74 NY2d 945). Even if the defense was available here, the pleading is defective for defendant has not alleged that it changed its position or failed to take some action to its prejudice as a result of the alleged delay *(see, supra).*

Order modified, on the law, without costs, by reversing so much thereof as denied the motion regarding the first, fourth and fifth affirmative defenses of defendant Miller & Lehman Construction, Inc.; motion granted to that extent and said affirmative defenses dismissed; and as so modified, affirmed. Casey, J. P., Mikoll, Levine, Mercure and Crew III, JJ., concur.