■ James S. D'Agostino, Respondent, v Robert M. Harding et al., Appellants. [629 NYS2d 524] —White, J. Appeals (1) from an order of the Supreme Court (Tait, Jr., J.), entered August 8, 1994 in Madison County, which granted plaintiff's motion for partial summary judgment on his first cause of action and for dismissal of defendants' affirmative defenses and counterclaim and (2) from the judgment entered thereon.

On August 22, 1992, the parties entered into a real estate contract wherein plaintiff agreed to purchase from defendants a "parcel of vacant land having a lot or acreage size of approximately 34 acres (per tax map)" located on Sanger Hill Road in the Town of Madison, Madison County. Thereafter, a survey of the parcel showed that it contained 44.981 acres and that a small triangular portion of the property that included

all of the frontage on Sanger Hill Road was located in Oneida County. The abstract of title further revealed that in June 1980 defendants recorded a "declaration of restrictions" precluding the use of the property lying in Madison County for mobile homes.

Because plaintiff intended to place a mobile home on the property, he commenced an action in November 1992 in Supreme Court, Oneida County against defendants seeking a judgment directing them to convey the property to him free of all restrictions. Apparently plaintiff did not pursue this action and matters languished until March 23, 1994 when plaintiff issued a written demand to defendants that the closing take place on April 8, 1994. Upon defendants' refusal to close, plaintiff commenced the present action seeking, *inter alia*, specific performance of the August 22, 1992 contract. Defendants responded by including in their answer three affirmative defenses and a counterclaim for rescission of the contract. Plaintiff then moved for an order dismissing defendants' affirmative defenses and counterclaim and for summary judgment on his cause of action for specific performance. The granting of the motion by Supreme Court resulted in these appeals by defendants.

Supreme Court should not have dismissed the first affirmative defense of failure to state cause of action since such defense is " 'harmless surplusage' " (*see, Schmidt's Wholesale v Miller & Lehman Constr.*, 173 AD2d 1004, 1005; *Pump v Anchor Motor Frgt.*, 138 AD2d 849, 851).

The second affirmative defense is predicated upon CPLR 3211 (a) (4). Under this statute, courts enjoy broad discretion in considering whether to dismiss an action on the ground that another action is pending between the same parties on the same cause of action (*see, Whitney v Whitney*, 57 NY2d 731, 732). Inasmuch as the record shows that plaintiff has not pursued his prior 1992 action, which according to his former attorney has caused it to be marked off the trial calendar, Supreme Court did not abuse its discretion in determining that this affirmative defense lacks merit.

When the terms of a contract are unambiguous, it generally should be enforced according to its terms (*see, W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 160). Here, the contract clearly indicates that the parties' intent was to convey the entire parcel. Thus, we agree with Supreme Court that the third affirmative defense, wherein defendants state that they stand ready to close on the 34-acre parcel lying in Madison County, lacks merit.

Our initial concern with Supreme Court's disposition of the motion insofar as it pertains to the counterclaim is that it appears to have treated it as one for summary judgment whereas the notice of motion states that it was made under CPLR 3211.* Because the court did not notify the parties that it was converting the motion pursuant to CPLR 3211 (c), Supreme Court was not entitled to consider the affidavits submitted by the parties for the purpose of determining whether there was evidentiary support for the counterclaim (*see, Pietrosanto v NYNEX Corp.*, 195 AD2d 843, 844). Instead, it should have confined its review of the evidentiary material to the issue of whether defendants had a cause of action for rescission and should not have dismissed the counterclaim unless it was indisputably shown that a material fact claimed by defendants to be one is not a fact at all (*see, Leon v Martinez*, 84 NY2d 83, 88; *Guggenheimer v Ginzburg*, 43 NY2d 268, 275).

Judged by this standard, we conclude that the counterclaim is sufficient. Defendants contend that the real estate contract should be rescinded on the ground of mutual mistake. Rescission may be based on this ground if the mutual mistake existed at the time the contract was entered into and it was substantial (*see, Matter of Gould v Board of Educ.*, 81 NY2d 446, 453). This is illustrated by our decision in *D'Antoni v Goff* (52 AD2d 973), where we found a significant mutual mistake and accordingly rescinded the contract, reasoning that neither side should profit from a mistake jointly perceived and acted upon (*supra*, at 974).

In this case the evidentiary materials show that when the parties entered into the contract, neither party knew the number of acres involved and had apparently, through defendants, obtained the 34-acre figure from the Madison County tax map which does not show that a portion of the property is in Oneida County. When these circumstances are coupled with a significant difference in acreage, defendants have stated a cause of action for rescission that is immune from challenge under CPLR 3211 (a) (7) and thus should not have been dismissed.

The reinstatement of defendants' counterclaim requires a reversal of Supreme Court's award of summary judgment to plaintiff on his specific performance cause of action. We would also note that plaintiff was not entitled to summary judgment since he submitted no proof showing that he had the funds necessary to purchase the property (*see, Contro v White*, 176 AD2d 1052, 1053).

---

* The notice of motion incorrectly indicates that the motion was being made under CPLR 3211 (b). The correct provision is CPLR 3211 (a) (7).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as granted the motion dismissing defendants' first affirmative defense and counterclaim and awarding partial summary judgment to plaintiff on his first cause of action; motion denied to that extent; and, as so modified, affirmed.