DALE R. BRODEUR, SR., Appellant, et al., Plaintiffs, v JAMES HAYES et al., Defendants, and SEAN McNAMEE, Respondent. [760 NYS2d 569] —Kane, J. Appeals (1) from that part of an order of the Supreme Court (Monserrate, J.), entered January 22, 2002 in Delaware County, which granted defendant Sean McNamee's motion for summary judgment on his counterclaim, and (2) from the judgment entered thereon.

Plaintiff Dale R. Brodeur, Sr. (hereinafter plaintiff) personally guaranteed a promissory note executed by Fabricated Metals for Electronics, Inc. (hereinafter FME) in favor of the New York State Job Development Authority (hereinafter JDA) in connection with a second mortgage on property owned by FME. FME defaulted on the note. In September 1997, JDA assigned the note to defendant Northeast Fabricators, LLC (hereinafter Northeast), with Northeast promising to pay JDA 50% of any money collected from plaintiff individually. Allegedly, Northeast quickly assigned the note to defendant Sean McNamee (hereinafter defendant), 99% owner of Northeast.

In July 1997, defendant and defendant William Brodeur, on behalf of Northeast, signed an agreement which contained mutual releases for most of the parties. Plaintiffs' then attorney informed defendant and his attorney that plaintiffs would not sign the agreement. In November 1997, plaintiffs' new attorney informed William Brodeur that plaintiffs would not sign the agreement. At some point, plaintiffs executed the agreement, apparently without notifying defendants. By letter of April 17, 1998, another lawyer for plaintiffs demanded that defendants act in accordance with the executed July 1997 agreement. Defendant expressed shock that the agreement was ever finalized, as he had never previously been informed.

Poor business relations between the parties continued. After plaintiffs commenced this action, defendant interposed a counterclaim against plaintiff seeking to collect on the note. Plaintiff's reply raised three affirmative defenses, the last of which was that the "counterclaim is barred by (a) the clean hands doctrine; (b) laches; (c) estoppel; and/or (d) waiver." When defendant moved for summary judgment on his counterclaim, plaintiff asserted that the July 1997 agreement waived any claims by defendants and released plaintiff from his obligations under the note. Supreme Court granted defendant's motion, determining that plaintiff waived the affirmative defense of release by failing to properly raise it. The court later denied plaintiff's motion for reconsideration and entered judgment in defendant's favor. Plaintiff appeals.

Plaintiff contends that by alleging "waiver" as an affirmative defense, he raised the defense of "release." Initially, many affirmative defenses are waived by failure to raise them in a proper pleading or motion (*see* CPLR 3211 [e]; *Braunsdorf v Haywood,* 295 AD2d 731, 732 [2002]). On the other hand, "[p]leadings shall be liberally construed," and shall not be dismissed unless a substantial right of a party is prejudiced (CPLR 3026; *see Schmidt's Wholesale v Miller & Lehman Constr.,* 173 AD2d 1004, 1004 [1991]). If there is any doubt regarding the availability of a defense, the pleader "is entitled to the benefit of every reasonable intendment of the pleading" (*Warwick v Cruz,* 270 AD2d 255, 255 [2000]). Even an unpleaded defense may be raised on a summary judgment motion, as long as it would not be likely to surprise the adverse party or raise issues of fact not previously apparent (*see Perelman v Snowbird Ski Shop,* 215 AD2d 809, 810 [1995]; *see also* CPLR 3018 [b]).

Defendant claims surprise at plaintiff raising the July 1997 agreement after two of plaintiffs' lawyers made clear that plaintiff did not intend to sign that agreement. Defendant fails to acknowledge his awareness in 1998, through plaintiffs' third lawyer, that plaintiff apparently had executed the agreement and expected the parties to abide by its terms (*compare Sangiacomo v County of Albany,* 302 AD2d 769, 772 [2003]). Plaintiff's assertion of the affirmative defense "waiver," liberally construed, gave notice that he proposed to rely on defendant's waiver of claims through the agreement's release and hold harmless provisions. The parties had not availed themselves of the opportunity to amplify these defenses through bills of particulars (*see Schmidt's Wholesale v Miller & Lehman Constr., supra* at 1004; *see also* CPLR 3041), and almost no

discovery was undertaken prior to the summary judgment motion. Discovery could have been helpful here, especially considering the confusion raised by plaintiff's assertion of four separate affirmative defenses in one paragraph of his reply.* Accordingly, we reverse Supreme Court's grant of summary judgment to defendant. Given this determination, we need not address the other issues raised.

In fairness to defendant, as reliance on the July 1997 agreement will now be litigated, he should be permitted to amend his answer to include an alternative affirmative defense of release based on that agreement (*see Atlantic Mut. Ins. Co. v Greater N.Y. Mut. Ins. Co.,* 271 AD2d 278, 280 [2000] [permitting amendment of pleading necessitated by reversal of summary judgment]). We make no findings regarding the legitimacy of any such defense, plaintiff's defense to the counterclaim, or the validity of the agreement, as those matters must be determined by Supreme Court after a factual inquiry.

Crew III, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as granted defendant Sean McNamee's motion for summary judgment; motion denied; and, as so modified, affirmed.

---

* We will not address this violation of CPLR 3014, as it was not argued in Supreme Court or before this Court.