ANTHONY ROMA, Appellant, v BUFFALO GENERAL HOSPITAL, Respondent.

Third Department, November 1, 1984

**APPEARANCES OF COUNSEL**

*Joel A. Scelsi* for appellant.

*Levene, Gouldin & Thompson* (*John J. Pollock* of counsel), for respondent.

**OPINION OF THE COURT**

MAHONEY, P. J.

The facts are simple and undisputed. On December 17, 1976, plaintiff suffered a fractured ankle as the result of a fall in a parking lot owned by Multiple Parking Services, Inc. (MPS), in the City of Buffalo. On the same day, plaintiff received emergency treatment at Buffalo General Hospital. On September 1, 1978, plaintiff commenced a personal injury action against MPS alleging that its negligence was the proximate cause of the original injury. A second action was commenced against the hospital on June 15, 1979, alleging negligent care and treatment by that institution which aggravated the injured ankle.

After the parties agreed to a joint trial of the two actions and before the commencement of the trial, MPS settled

with plaintiff for $17,500. The hospital moved pursuant to CPLR 3025 for leave to amend its answer. Special Term granted the motion and the hospital pleaded by way of an affirmative defense the claim reduction benefits of section 15-108 of the General Obligations Law. This appeal by plaintiff ensued.

On the appeal, plaintiff's sole contention is that Special Term erred in permitting defendant to amend its answer because, as a successive independent tort-feasor, defendant is not entitled to the claim reduction benefits of section 15-108 of the General Obligations Law. Plaintiff relies on the language of subdivision (a) of section 15-108 which, in pertinent part, states that "[w]hen a release or a covenant not to sue * * * is given to one of two or more persons liable or claimed to be liable in tort for the *same injury* * * * it does not discharge any of the other tortfeasors from liability" (emphasis added). In sum, it is plaintiff's position that MPS is responsible for his ankle fracture due to its negligent maintenance of the parking lot and that the hospital, through its negligent treatment of his injury, is guilty of an independent and successive tort for which it should be held responsible in a separate action in medical malpractice. We disagree.

We begin our discussion by recognizing that the 1974 amendment to section 15-108 of the General Obligations Law was designed to encourage settlement of tort cases which had become troublesome after the Court of Appeals held in *Dole v Dow Chem. Co.* (30 NY2d 143) that a defendant could implead a nonsued party for an equitable apportionment of liability (McLaughlin, Practice Commentary, McKinney's Cons Laws of NY, Book 23A, General Obligations Law, § 15-108, p 717). This section defines and limits only the right to contribution and is a statutory response to the *Dole* decision which effectively obliterated the distinction between active and passive negligence and permitted contribution on the basis of each tort-feasor's comparative responsibility for the injury.* Nothing in section 15-108 of the General Obligations Law requires that the two defendants be liable upon the same theory. All that

* Section 15-108 of the General Obligations Law has been held to be inapplicable to indemnification (*Riviello v Waldron,* 47 NY2d 297; see Seigel, NY State Law Digest, No. 293 [May, 1984], p 1; No. 237 [Sept., 1979], p 2).

is required is that they be subject to liability for damages for the same injury. Here, the fact that MPS may be liable for all of the damages sustained by plaintiff on a common-law theory of negligence cannot prevent the hospital from asserting its statutory right to contribution by affirmatively pleading in its answer the provision of section 15-108 of the General Obligations Law. By so doing it is asserting the legislative intent that all tort-feasors contribute equitably to the injured party's settlement in judgment (see CPLR 1401).

We reject plaintiff's argument that successive, independent tort-feasors are not entitled to the claim reduction benefits of section 15-108 of the General Obligations Law. Liability for the same personal injury, or aggravation thereof, is the factor which allows contribution under the statute. It applies not only to joint tort-feasors, but also to concurrent, successive, independent, and even intentional tort-feasors (see *Taft v Shaffer Trucking*, 52 AD2d 255, 259, mot to dismiss app granted 42 NY2d 974). We see no reason why the provisions of section 15-108 of the General Obligations Law should be interpreted any differently than those of CPLR 1401. Both should be construed so that each party's responsibility will be apportioned according to his "equitable share" and "relative culpability", regardless of theories or mixture of theories concerning the apportionment claims.

KANE, CASEY, WEISS and LEVINE, JJ., concur.

Order affirmed, with costs.