■ NASSAU ROOFING & SHEET METAL COMPANY, INC., Plaintiff, v FACILITIES DEVELOPMENT CORPORATION, Formerly

HEALTH AND MENTAL HYGIENE FACILITIES IMPROVEMENT CORPORATION, et al., Defendants; LORD ELECTRIC COMPANY, INC., Appellant, and CELOTEX CORPORATION, Defendant and Third-Party Plaintiff-Appellant. CONSTRUCTION CONSULTANTS, INC., Third-Party Defendant-Respondent. (And Another Third-Party Action.)—Harvey, J. Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered March 18, 1985 in Albany County, which granted third-party defendant's motion to dismiss the third-party complaint and the cross claim of defendant Lord Electric Company, Inc.

In June 1972, plaintiff contracted with defendant Facilities Development Corporation (FDC) to install a roof on the Lincoln Hospital in The Bronx. Plaintiff purchased the roofing insulation needed for the job from defendant Celotex Corporation (Celotex). The project was near completion when, in 1974, problems allegedly developed with the roof. Thereafter, FDC retained third-party defendant Construction Consultants, Inc. (CCI) to investigate the roof and propose options to FDC. In July 1976, CCI reported defects in the roof and recommended replacement of the roof. Based upon this evaluation, as well as recommendations from the project's architect and construction manager, FDC informed plaintiff that it should replace the roof. Plaintiff refused and FDC terminated its contract with plaintiff.

FDC claimed that the roof had been constructed defectively and that it was necessary to remove the roof and construct a new one. There were voluminous communications among plaintiff, FDC and the many other entities involved in the construction of the hospital. This action was commenced by plaintiff for a declaratory judgment determining that there had been no necessity for the replacement of the roof by FDC. The complaint also alleges a number of causes of action against other defendants, none of which are relevant to the issue before the court at this time. There are numerous cross claims among the defendants which are also irrelevant.

Five years after commencement of the original action, Celotex commenced a third-party action against CCI for contribution or indemnification in the event that it should be held liable to FDC for the cost of the roof replacement. Defendant Lord Electric Company, Inc. (Lord) has also served what it labels a "cross claim" against CII for the same relief as demanded by Celotex. Actually, it was not a cross claim because Lord was not a party to the third-party action commenced by Celotex. We will, however, consider it as a third-party complaint.

As previously stated, CCI was the consultant firm hired by FDC to inspect the roof that had been constructed and to recommend such measures as were required to remedy the alleged defective condition. It was CCI's recommendation that the roof be replaced in its entirety. Celotex and Lord contend that the recommendation was not warranted and that if they are found to be liable for the replacement of the roof they should be indemnified by CCI.

CCI moved at Special Term to dismiss the third-party complaint and the motion was granted. We affirm. When the case is tried, a factual determination will be made as to the full nature and extent of the defective roof and whether the entire replacement of the roof was warranted. The amount of damages will depend upon those determinations. The participation of CCI did not take place until after the happening of all other events set forth in the pleadings prior to the third-party action. CCI's duty was to FDC. FDC has not claimed any breach of that duty. A party seeking contribution must show that the third-party defendant from whom contribution is sought owes a duty either to him or to the injured party and that a breach of this duty has contributed to the alleged injuries (see, e.g., Garrett v Holiday Inns, 58 NY2d 253, 258-259; Crow-Crimmins-Wolff & Munier v County of Westchester, 90 AD2d 785, 786). Any duty that CCI had was to FDC and, even assuming a breach of that duty, it could not be a contributing cause to any recoverable damages in this case. Consequently, there is no valid claim against CCI for contribution.

A cause of action for indemnification must be based upon either an express contract or a common-law theory of implied indemnity such as master-servant (see, e.g., Margolin v New York Life Ins. Co., 32 NY2d 149; County of Westchester v Becket Assoc., 102 AD2d 34, 46-47, affd 66 NY2d 642). There is no express contract by CCI to indemnify either Celotex or Lord. Nor is there any viable common-law theory of implied indemnity upon the facts of this case. Accordingly, the order appealed from must be affirmed.

Order affirmed, with costs to Construction Consultants, Inc. Mahoney, P. J., Main, Weiss, Mikoll and Harvey, JJ., concur.