*601 OPINION OF THE COURT
Hancock, Jr., J.
When a newly installed roof failed, a construction consultant advised the owner that it must be removed and replaced. The consultant claimed the cause was defective insulation and that the supplier of the insulation should pay the cost of replacing the roof. The insulation supplier, however, contended that the insulation was not defective, that the roof was sound, and the construction consultant at fault for erroneously advising the owner that the roof required replacement. In an action to determine the ultimate responsibility for the cost of replacing the roof, does the insulation supplier have a valid claim for Dole contribution against the construction consultant? This is the question raised by Celotex Corporation, the insulation supplier, in its appeal from an order of the Appellate Division which affirmed Special Term’s dismissal, pursuant to CPLR 3211 (a) (7), of Celotex’s third-party action against Construction Consultants, Inc. (Consultants). For reasons which follow, we conclude that Celotex has no claim for contribution. The order, therefore, should be affirmed.
I
The roof system, which allegedly failed and gives rise to this litigation, was installed on the Lincoln Hospital in The Bronx by plaintiff Nassau Roofing and Sheet Metal Company pursuant to a contract with Facilities Development Corporation (Facilities), the public benefit corporation responsible for construction work on the hospital. Nassau Roofing purchased the insulation for the job from Celotex. After the job was completed, damage to the roof assertedly resulted from the excessive coefficient of expansion of the polyurethane insulation supplied by Celotex. Facilities retained third-party defendant Consultants which advised it that the roof must be entirely removed and replaced. When Nassau Roofing refused to replace the roof, Facilities hired another contractor to do so at a cost of $1,500,000.
Nassau then commenced the instant action against Facilities and various subcontractors and materialmen as defendants, including Celotex. Nassau seeks, among other things, a declaration that it is not responsible for the cost of replacing the roof or, if it is found liable to Facilities for such cost, it should have contribution or indemnification from Celotex, which allegedly caused the damage by supplying Nassau with *602 defective insulation. Facilities counterclaimed against Nassau for the cost of replacing the roof and cross-claimed against Celotex for breach of warranty and strict products liability. Certain codefendants have interposed cross claims for contribution or indemnity on various theories against Celotex. Based on the several claims lodged against it, Celotex commenced a third-party action seeking Dole contribution from Consultants for the cost of replacing the roof.[1] The record contains no complaint by Facilities against Consultants and there is no indication that such an action has been commenced. Celotex contends, however, that the damages suffered by Facilities were caused by the "negligence, fault and/or wrongdoing” of Consultants in advising Facilities that the roof required replacement.[2]
In affirming Special Term’s dismissal of Celotex’s third-party claim,[3] the Appellate Division noted that the only duty owed by Consultants was in connection with the advice it gave to Facilities after the construction job was complete, and that, "even assuming a breach of that duty, it could not be a contributing cause to any recoverable damages in this case” (125 AD2d 754, 756). The sole question is whether Celotex has pleaded a valid claim for contribution under any theory against Consultants. Because we agree with the Appellate Division that it has not, the order of that court should be affirmed.
II
The applicable rules governing contribution under Dole v Dow Chem. Co. (30 NY2d 143) may be quickly summarized. The basic requirement for contribution under Dole, now codified in CPLR 1401, is that the culpable parties must be *603 "subject to liability for damages for the same personal injury, injury to property or wrongful death” (emphasis added) (see, Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559, 568; Garrett v Holiday Inns, 58 NY2d 253, 258; 2A Weinstein-Korn-Miller, NY Civ Prac jffl 1401.10a, 1401.10b). Under Dole and CPLR article 14, a claim for contribution will lie whether or not the culpable parties are allegedly liable for the injury under the same or different theories (see, Board of Educ. v Sargent, Webster, Crenshaw & Folley, 71 NY2d 21, 28; McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 1401, at 362), and whether or not the party from whom contribution is sought is allegedly responsible for the injury as a concurrent, successive, independent, alternative, or even intentional tort-feasor (see, Board of Educ. v Sargent, Webster, Crenshaw & Folley, supra, at 27; Schauer v Joyce, 54 NY2d 1, 5; Siegel, NY Prac § 172, at 213; see, McLaughlin, Practice Commentaries, op. cit, at 362-363).
While the culpable party from whom contribution is sought will ordinarily have breached a duty owed directly to the injured party, this is not invariably so (see, Guzman v Haven Plaza Hous. Dev. Fund Co., supra, at 568, n 5 ["In the unusual case the right to apportionment may arise from the duty owed from the contributing party to the party seeking contribution (see, e.g., Garrett v Holiday Inns, 58 NY2d 253, 258-263; Nolechek v Gesuale, 46 NY2d 332, 338, 341)”]; see also, 2A Weinstein-Korn-Miller, NY Civ Prac j[ 1401.10a). The critical requirement for apportionment under Dole or CPLR article 14 is that the breach of duty by the contributing party must have had a part in causing or augmenting the injury for which contribution is sought (see, Schauer v Joyce, supra; Roma v Buffalo Gen. Hosp., 103 AD2d 606, 608; Jakobleff v Cerrato, Sweeney & Cohn, 97 AD2d 786; Taft v Schaffer Trucking, 52 AD2d 255, 259, appeal dismissed 42 NY2d 974; 2A Weinstein-Korn-Miller, NY Civ Prac fl 1401.10b).
Ill
It is this essential requirement — that the parties must have contributed to the same injury — which defeats Celotex’s third-party claim here. The injury suffered by Facilities for which Celotex is being sued and for which it seeks contribution from Consultants is a bad roof which had to be replaced. But Consultants — which had nothing to do with the installation of the roof — did not cause or contribute to this injury. If Consul *604 tants caused any injury to Facilities, it was the financial damage Facilities sustained from being negligently advised to replace a good roof, not the loss Facilities incurred from having a bad roof. Needlessly replacing a sound roof is obviously not the same as having a defective roof; it is an entirely separate and distinct injury. For this reason, the claim for contribution must fail.
Although Celotex and Consultants did not contribute to the same injury, Celotex contends that it should be permitted to obtain contribution from Consultants as a successor tort-feasor, because, by negligently advising Facilities to install a new roof, it increased the damages which could be recovered against Celotex. This reasoning is flawed, however, because the claimed negligence of Consultants could not have augmented the damages for which Celotex may be held responsible. It is possible, as Celotex alleges, that Construction Consultants was negligent in advising Facilities to replace the roof when, in fact, the roof was sound. To the extent that Facilities, because of this erroneous advice, needlessly incurred the cost of replacing a sound roof, Celotex would have done nothing wrong, would not be liable to the owner, and could have no basis for its claim over. If, on the other hand, Consultants is correct and the roof required replacement in whole or part, then Celotex could be held responsible for such cost. In that event, Consultants would have done nothing wrong and would not have augmented the damages for which Celotex could be held liable.
Schauer v Joyce (supra) relied on by Celotex, illustrates the situation where contribution is proper. In Schauer, a legal malpractice action, plaintiffs damages resulted from the successive mishandling of a matrimonial matter by two different lawyers. In holding that the first lawyer had a valid claim for contribution from the second, we noted specifically that the "pleadings set forth an ample basis for holding that the alleged negligence of both attorneys was responsible for the same injury” (Schauer v Joyce, supra, at 6 [emphasis added]).
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtlek and Judges Simons, Kaye, Alexander, Titone and Bellacosa concur.
Order affirmed, with costs.

. In the courts below Celotex urged both indemnification and contribution as bases for its third-party action against Consultants. On appeal, however, Celotex argues only that the third-party complaint should be sustained as stating a valid claim for contribution.

. Consultants also contend, for the first time on appeal, that any duty it owed to Facilities was purely contractual and, therefore, not subject to contribution, despite Celotex’s use of "language familiar to tort law” in its complaint (see, Board of Educ. v Sargent, Webster, Crenshaw & Folley, 71 NY2d 21, 24, 28-29). Because the arguments raised by Consultants in the lower courts provide a sufficient basis for dismissing the third-party claim, we need not address this argument.

. The Appellate Division also affirmed Special Term’s dismissal of a cross claim against Consultants brought by Lord Electric Company, Inc. Lord Electric has not appealed.