■ Harvey H. Pfenning et al., Plaintiffs, v Agri-Business Brokerage Corp. et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendants. William Perry et al., Third-Party Defendants-Appellants.—Order affirmed with costs for reasons stated in decision at Supreme Court, Rath, J.

All concur, except Lawton, J., who dissents and votes to reverse, in the following memorandum.

Lawton, J. (dissenting). I respectfully dissent. A claim for contribution will lie only when the culpable parties are subject to liability "for the same personal injury, injury to property or wrongful death" (CPLR 1401). For this claim to be sustained, therefore, the parties must have contributed to the same injury *(see, Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.,* 71 NY2d 599, 603). Here, plaintiffs, in addition to claims for breach of contract and fraud, seek damages from defendants for the injury they suffered as a result of defendants' negligence in failing to procure insurance coverage for their barn and its contents, which were destroyed in a fire. Defendants seek contribution from third-party defendants based on their alleged negligence in causing the barn fire. Third-party defendants' conduct had nothing to do with defendants' failure to provide insurance. Likewise, defendants' conduct did not cause or contribute to the fire. The loss caused by defendants was the financial damage plaintiffs sustained by defendants' failure to provide contractual indemnity, not the

loss incurred by having a barn destroyed by fire *(see, Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp., supra)*. The amount of damages resulting from the fire is but the measure of plaintiffs' damages in this regard. The injuries under these causes of action are separate and distinct and could result in dual recoveries by the plaintiffs *(see, Alexandra Rest. v New Hampshire Ins. Co.,* 272 App Div 346, *affd* 297 NY 858). Defendants' contribution claim should therefore be dismissed *(see, Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp., supra; Jakobleff v Cerrato, Sweeney & Cohn,* 97 AD2d 786).

An insurer which honors its obligation under its policy of insurance by indemnifying its insured for a fire loss is not entitled to claim contribution under CPLR 1401 from a third-party tort-feasor. An insurer's only remedy in this regard is that of subrogation. Defendant, which allegedly failed to honor its obligations to provide insurance coverage to plaintiffs, should not be placed in a more favorable position than that of an insurer that rightfully provides coverage, by permitting it to recover part or all of its loss payment through a contribution claim against the third-party defendants. (Appeal from order of Supreme Court, Erie County, Rath, J.—dismiss complaint.) Present—Callahan, J. P., Denman, Green, Pine and Lawton, JJ.