■ JEMA T. ABBATE, an Infant, by CAROL ARDLEY, Her

Mother, Appellant, v ALBERT ARDLEY, Respondent. (And a Third-Party Action.)—Crew III, J. Appeal from an order of the County Court of Chenango County (Dowd, J.), entered April 2, 1992, which denied plaintiff's motion to dismiss the amended third-party complaint.

Plaintiff resided with her mother, Carol Ardley, and defendant (plaintiff's stepfather) in the Town of Afton, Chenango County, from at least 1988 until October 1990. In March 1991, plaintiff commenced this action against defendant seeking to recover damages for the tort of intentional infliction of emotional distress. Insofar as is relevant to this appeal, plaintiff alleged that prior to September 1988, at which time plaintiff was 12 years old, "defendant, on more than one occasion, surreptitiously, and without plaintiff's knowledge, took photographs of her while [she] was disrobed and alone in the bathroom and her private bedroom in the parties' residence". Defendant answered with general denials. In October 1991, plaintiff asked to see the photographs and, with Ardley's permission, plaintiff was shown the photographs by her attorney. Defendant thereafter commenced a third-party action against Ardley alleging, *inter alia,* that plaintiff would not have suffered injury had Ardley refrained from showing plaintiff the photographs. Ardley then moved to dismiss the third-party complaint for failure to state a cause of action. County Court denied the motion, finding that defendant had stated a cause of action for contribution. This appeal followed.

There must be a reversal. It is well settled that "[a] party seeking contribution must show that the third-party defendant from whom contribution is sought owes a duty either to him or to the injured party and that a breach of this duty has contributed to the alleged injuries" *(Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.,* 125 AD2d 754, 756, *affd* 71 NY2d 599; *accord, Sutherland v Hallen Constr. Co.,* 183 AD2d 887; *see, Sommer v Federal Signal Corp.,* 79 NY2d 540, 557-559). Defendant alleged that he and Ardley promised each other that the photographs in question would be destroyed and "would neither be divulged [n]or shown to * * * plaintiff". These allegations, however, sound in breach of contract, and the Court of Appeals has made clear that "the existence of some form of tort liability is a prerequisite to application of [CPLR 1401]" *(Board of Educ. v Sargent, Webster, Crenshaw & Folley,* 71 NY2d 21, 28). Thus, even accepting these allegations as true, defendant is not entitled to contribution based upon Ardley's alleged failure to keep her promise.

Nor does the record support a finding that Ardley breached

a duty of care to plaintiff. While it is true that plaintiff could theoretically maintain a cause of action against Ardley for intentional infliction of emotional distress *(see generally, Gelbman v Gelbman,* 23 NY2d 434, 438), Ardley's actions under the circumstances simply do not rise to the level of "extreme and outrageous conduct, which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society" *(Freihofer v Hearst Corp.,* 65 NY2d 135, 143; *see, Navarro v Federal Paper Bd. Co.,* 185 AD2d 590). According to plaintiff, she learned of the existence of the photographs while she, Ardley and defendant were undergoing therapy in an effort to resolve the problems existing between her and defendant, and it appears from plaintiff's affidavit that the disclosure of the existence of the photographs were viewed as a necessary part of the therapeutic process. As for Ardley's role in plaintiff's actual viewing of the photographs, plaintiff contends that she was not shown the photographs until she asked to see them in 1991 and, further, that her "unhappiness concerning the pictures did not result from seeing them, but from the fact that defendant took them". Under these circumstances, it cannot be said that Ardley breached a duty of care to plaintiff in this regard. Accordingly, in view of the fact that defendant has failed to establish that Ardley breached a duty of care to either him or to plaintiff which, in turn, caused or augmented plaintiff's injuries *(see, Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.,* 71 NY2d 599, 603), the third-party complaint must be dismissed.

Mikoll, J. P., Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and third-party complaint dismissed.