(September 18, 1995)

■ SAL CRIMI et al., Plaintiffs, v BRUCE BLACK et al., Defendants, and STEVEN A. SANDERS et al., Defendants and Third-Party Plaintiffs-Respondents. NEIL R. GERST, Third-Party Defendant-Appellant. (And a Related Action.) [631 NYS2d 387] —In an action to recover damages, *inter alia,* for fraud and breach of fiduciary duty in connection with a failed public offering, the third-party defendant Neil R. Gerst appeals, as limited by his brief, (1) from so much of an order of the Supreme Court, Nassau County (Brucia, J.), dated February 23, 1994, as denied the branch of the third-party defendants' motion which was for summary judgment dismissing the third-party complaint insofar as asserted against him, and (2) from so much of an order of the same court, dated August 10, 1994, as denied the branch of the third-party defendants' motion for reargument of so much of the prior order as denied their motion to dismiss the third-party complaint insofar as asserted against him.

Ordered that the appeal from the order dated August 10,

1994 is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated February 23, 1994 is reversed insofar as appealed from, on the law, the branch of the third-party defendants' motion which was for summary judgment dismissing the third-party complaint insofar as asserted against Neil R. Gerst is granted, and the third-party complaint is dismissed insofar as asserted against him; and it is further,

Ordered that the appellant is awarded one bill of costs.

In 1988 the plaintiffs retained the defendants third-party plaintiffs Steven A. Sanders and Jacobs Persinger & Parker (hereinafter collectively JPP) to represent them with respect to a proposed public offering that was to be effected with the assistance of the defendants Black and Woodmere Securities, Inc. (hereinafter Woodmere). The offering never took place. The plaintiffs commenced an action alleging that they were defrauded by Woodmere. They further alleged that JPP failed to disclose conflicts of interest and conspired with Woodmere to delay the offering. JPP commenced a third-party action for contribution against the plaintiffs' corporate counsel, Neil R. Gerst, and his law firm, Gerst, Konigsberg & Levin (hereinafter collectively Gerst, Konigsberg), alleging that Gerst, Konigsberg failed to investigate Woodmere's ownership and capability to effect the public offering, and that Gerst, Konigsberg contributed to the delays.

Gerst, Konigsberg moved for summary judgment dismissing the third-party complaint. The Supreme Court denied the motion, finding that there were questions of fact as to the scope of Gerst, Konigsberg's involvement with the offering and whether their activities contributed to the failed offering. Gerst, Konigsberg moved for reargument, which was granted only to the extent of dismissing the third-party action as against Gerst, Konigsberg & Levin, which was formed after the events complained of occurred. Neil R. Gerst has appealed.

A party seeking contribution must show that the party from whom contribution is sought owes a duty either to him or to the injured party and that a breach of this duty has contributed to the alleged injuries (see, Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp., 125 AD2d 754, 756, affd 71 NY2d 599). Contrary to the contentions of the third-party plaintiffs and the conclusion of the court below, we find that, on this record, a cause of action for contribution does not lie against Neil R. Gerst. While Gerst had a duty to the plaintiffs as a result of his role as corporate counsel, none of his activities performed with respect to the offering, such as providing due diligence in-

formation, reviewing a restructuring plan, acting as liaison with the plaintiffs, and taking over negotiations for a bridge loan, demonstrate a breach of this duty which contributed to the plaintiffs' damages.

Nor was the participation of Gerst and his former law firm in the plaintiffs' subrogation business a breach of duty that contributed to the plaintiffs' injuries. Although concerns were raised regarding the legal and accounting practices related to the subrogation business, these problems were either quickly resolved or were not of such a nature as to cause a significant delay in the offering.

Accordingly, the branch of the third-party defendants' motion which was for summary judgment dismissing the third-party complaint insofar as asserted against Gerst should have been granted (see, Sherman v Ansell, 207 AD2d 537; Gonzalez v City of New York, 203 AD2d 421). Sullivan, J. P., Miller, Thompson and Ritter, JJ., concur.