■ JOYCE MARTELL et al., Plaintiffs, v WEGMANS FOOD MARKETS, INC., Defendant and Third-Party Plaintiff-Appellant. AIR-LOCK PLASTICS, INC., Third-Party Defendant-Respondent. [687 NYS2d 510] —Order reversed on the law with costs, motion denied and third-party complaint reinstated. Memorandum: On September 10, 1993, Joyce Martell (plaintiff) allegedly sustained injuries to her right wrist and shoulder in a fall in a store owned by defendant. On February 25, 1994, plaintiff injured her right shoulder at work when an allegedly defective stool collapsed. In August 1994 plaintiff underwent surgery on her right shoulder. In April 1996 plaintiffs commenced this action, seeking damages for injuries to plaintiff's wrist and shoulder allegedly caused in the September 1993 slip and fall. Defendant then commenced a third-party action against plaintiff's employer, alleging that its negligence in providing a defective stool contributed to plaintiff's injuries.

Supreme Court erred in granting third-party defendant's motion for summary judgment dismissing the third-party complaint. The original tortfeasor is entitled to assert a claim for contribution against an independent, successive tortfeasor for the aggravation of plaintiff's injuries caused by the successive tortfeasor's conduct (see, Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1401:5; Suria v Shiffman, 67 NY2d 87, 98, rearg denied 67 NY2d 918). CPLR 1401 applies not only to joint tortfeasors, but also to independent, successive tortfeasors (Board of Educ. v Sargent, Webster, Crenshaw & Folley, 71 NY2d 21, 27-28). "The critical requirement for apportionment under Dole or CPLR article 14 is that the breach of duty by the contributing party must have had a part in causing or augmenting the injury for which contribution is sought" (Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp., 71 NY2d 599, 603). Defendant is entitled to seek contribution from plaintiff's employer to the extent that the alleged negligence of plaintiff's employer exacerbated the injuries that plaintiff allegedly sustained in the original accident.

All concur except Hayes, J., who dissents and votes to affirm in the following Memorandum.

Hayes, J. (dissenting). I respectfully dissent. Defendant may assert a claim for contribution against third-party defendant

pursuant to CPLR article 14 only for damages "for the *same* personal injury, injury to property or wrongful death" (CPLR 1401 [emphasis added]; *see, Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.*, 71 NY2d 599; 4 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 1401.10a, 1401.10b [1998]). Here, the injury sustained by plaintiff Joyce Martell at work, which occurred more than five months after her fall in defendant's store, was a discrete and separate injury. Thus, defendant may not assert a claim for contribution against third-party defendant. (Appeal from Order of Supreme Court, Erie County, Sconiers, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Balio, JJ.