■ ELRAC, INC., Doing Business as ENTERPRISE RENT A CAR, Appellant, v RICHARD J. RADNA, Respondent. [816 NYS2d 521]—

In an action, inter alia, for contribution, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated April 7, 2005, which granted the defendant's motion pursuant to CPLR 3211 (a) (5), in effect, to dismiss the cause of action for contribution.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the cause of action for contribution is reinstated.

The plaintiff, Elrac, Inc., doing business as Enterprise Rent A Car (hereinafter Elrac), was the owner of a vehicle driven by Anthony J. Kingsberry which struck a vehicle driven by Steve L. Stancil from the rear on March 7, 2000, causing Stancil to sustain injuries. Stancil commenced an action to recover damages for personal injuries against Elrac and Kingsberry. Upon Elrac's consent, Stancil was granted summary judgment on the issue of liability. A jury awarded Stancil $3,570,760 in damages, including $150,000 for past pain and suffering. Stancil and Elrac thereafter stipulated to a reduction of the damages to $3,000,000, all of which was attributed to past pain and suffering.

Elrac subsequently commenced this action, inter alia, seeking contribution from the defendant, Richard J. Radna, a physician who treated Stancil following the automobile accident. Elrac's complaint alleged that Radna committed medical malpractice, thereby exacerbating Stancil's injuries. Radna moved, pursuant to CPLR 3211 (a) (5), in effect, to dismiss the cause of action for contribution, arguing that the settlement entered into by Elrac and Stancil limited the basis for the agreed-upon damages to the injuries sustained by Stancil on the day of the accident. The Supreme Court granted Radna's motion. We reverse.

Elrac's settlement with Stancil did not prevent it from seeking contribution from Radna (*see State of New York v County of Sullivan,* 43 NY2d 815 [1977], *revg* 54 AD2d 29 [1976] *on dissenting in part op of Koreman, P.J.*). Moreover, contrary to Radna's contention, neither the underlying judgment's designation of the entire settlement amount as damages for past pain and suffering nor the reference to the date of the automobile accident in the release executed by Stancil in favor of Elrac limited the damages covered by Elrac's payment of $3,000,000 to the damages sustained by Stancil on the date of the accident. Even if such a limitation existed, a cause of action for contribution may be based not only upon conduct that causes an injury, but also upon conduct "augmenting the injury" (*Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.,* 71 NY2d 599, 603 [1988]; *see Raquet v Braun,* 90 NY2d 177, 183 [1997]; *Nelson v Chelsea*

*GCA Realty, Inc.,* 18 AD3d 838, 840 [2005]; *Martell v Wegmans Food Mkts.,* 259 AD2d 956 [1999]). Thus, if Elrac can show that the injury sustained by Stancil on March 7, 2000 was subsequently augmented, aggravated, or exacerbated by negligent conduct on Radna's part, it may be entitled to contribution from Radna. Accordingly, there was no basis for dismissing Elrac's cause of action for contribution, and Radna's motion should have been denied.

Radna's remaining contentions are without merit. Prudenti, P.J., Florio, Krausman and Mastro, JJ., concur.