■ NIKOLAOS KANTERAKIS, Respondent, v EMILY KANTERAKIS, Defendant, N. RICHARD WOOL et al., Appellants, and BERNARD J. DUFFY, Respondent. [12 NYS3d 197]—

In an action, inter alia, to recover damages for fraud and breach of fiduciary duty, the defendants N. Richard Wool, Alissa Joy Wool, Wool Law Group, PLLC, and Law Offices of N. Richard Wool appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (K. Murphy, J.), dated September 20, 2013, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them, and granted that branch of the motion of the defendant Bernard J. Duffy which was for summary judgment dismissing their cross claim for contribution asserted against him.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Bernard J. Duffy which was for summary judgment dismissing the cross claim for contribution asserted against him by the defendants N. Richard Wool, Alissa Joy Wool, Wool Law Group, PLLC, and Law Offices of N. Richard Wool, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendants N. Richard Wool, Alissa Joy Wool, Wool Law Group, PLLC, and Law Offices of N. Richard Wool, and one bill of costs to the defendants N. Richard Wool, Alissa Joy Wool, Wool Law Group, PLLC, and Law Offices of N. Richard Wool, payable by the defendant Bernard J. Duffy.

The plaintiff commenced this action alleging, inter alia, that the defendant Emily Kanterakis, his wife, forged his signature on a power of attorney form and used that form to deprive him of his ownership interests in certain properties. The plaintiff alleged that the defendants N. Richard Wool, Alissa Joy Wool, Wool Law Group, PLLC, and Law Offices of N. Richard Wool (hereinafter collectively the Wool defendants), who allegedly represented Emily in connection with the subject transactions,

and the defendant Bernard J. Duffy, who notarized the subject power of attorney form allegedly containing the plaintiff's forged signature, participated with Emily in the fraudulent scheme. In the order appealed from, the Supreme Court, inter alia, denied that branch of the Wool defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them, and granted that branch of Duffy's motion which was for summary judgment dismissing the cross claim for contribution asserted against him by the Wool defendants. We modify.

The Wool defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them, as their submissions failed to eliminate all triable issues of fact regarding their alleged involvement in the allegedly fraudulent scheme (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Since the Wool defendants failed to meet their prima facie burden, the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

However, the Supreme Court should have denied that branch of Duffy's motion which was for summary judgment dismissing the cross claim for contribution asserted against him by the Wool defendants. "A party seeking contribution must show that the party from whom contribution is sought owes a duty either to him or to the injured party and that a breach of this duty has contributed to the alleged injuries" (*Crimi v Black*, 219 AD2d 610, 611 [1995]; *see Raquet v Braun*, 90 NY2d 177, 182-183 [1997]; *Guerra v St. Catherine of Sienna*, 79 AD3d 808, 809 [2010]). In support of his motion, Duffy failed to eliminate all triable issues of fact as to whether he breached a duty of care owed to the plaintiff by allegedly notarizing the plaintiff's forged signature on the subject power of attorney form and, if so, whether such a breach contributed to or aggravated the damages alleged (*see Rehberger v Garguilo & Orzechowski, LLP*, 118 AD3d 765, 766 [2014]; cf. *Chicago Tit. Ins. Co. v LaPierre*, 104 AD3d 720, 721-722 [2013]).

Duffy's remaining contentions are without merit.

Accordingly, the Supreme Court should have denied that branch of Duffy's motion which was for summary judgment dismissing the cross claim for contribution asserted against him by the Wool defendants, regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*,

64 NY2d at 853). Dillon, J.P., Leventhal, Chambers and Roman, JJ., concur.