Andre v S.W. Queens Mezzanine, LLC (2022 NY Slip Op 03220)





Andre v S.W. Queens Mezzanine, LLC


2022 NY Slip Op 03220


Decided on May 18, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2019-13657
 (Index No. 703668/16)

[*1]Nadia Andre, plaintiff-respondent, 
v
S.W. Queens Mezzanine, LLC, et al., appellants, MNR Group, Inc., defendant-respondent, et al., defendant.


Gartner + Bloom, P.C. (Mauro Lilling Naparty, LLP, Woodbury, NY [Seth M. Weinberg and Ashley Guarino], of counsel), for appellants.
O'Connor, O'Connor, Hintz & Deveney, LLP, Melville, NY (Eileen M. Baumgartner of counsel), for defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants S.W. Queens Mezzanine, LLC, S.W. Management, LLC, and 142-02 84th Realty, LLC, appeal from an order of the Supreme Court, Queens County (Denis J. Butler, J.), dated November 12, 2019. The order, insofar as appealed from, denied that branch of those defendants' motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured on March 29, 2013, when she was exposed to chemicals, dust, debris, and other substances which were discharged from an air conditioner in her apartment. According to the plaintiff, she purchased the air conditioner herself, and the building superintendent installed it in a living room window after the plaintiff moved into her apartment. In addition, the plaintiff paid the building superintendent to disassemble the air conditioner, clean it, and reinstall it in the window on an annual basis. As is relevant here, the building superintendent last cleaned the plaintiff's air conditioner some time between late December 2012 and early January 2013.
The plaintiff commenced this action to recover damages for personal injuries against, among others, the defendants S.W. Queens Mezzanine, LLC, S.W. Management, LLC, and 142-02 84th Realty, LLC (hereinafter collectively the landlord defendants), and the defendant MNR Group, Inc. (hereinafter MNR). As is relevant here, MNR was retained by the landlord defendants in August 2012 to perform certain pointing and brick replacement work on the exterior of the building. In answering the complaint, MNR asserted cross claims for contribution and common-law indemnification against, among others, the landlord defendants. Following discovery, the landlord defendants moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. In an order dated November 12, 2019, the Supreme Court, inter alia, denied those branches of the landlord defendants' motion. The landlord defendants appeal.
The Supreme Court did not err in denying that branch of the landlord defendants' [*2]motion which was for summary judgment dismissing the complaint insofar as asserted against them. In support of this branch of their motion, the landlord defendants submitted the deposition testimony of the plaintiff and a property manager employed by the landlord defendants. The plaintiff's testimony establishes that the building superintendent was the last person to move or manipulate the air conditioner prior to the plaintiff's March 29, 2013 accident, and the landlord defendants did not present any evidence which affirmatively demonstrates that the building superintendent properly cleaned and reinstalled the air conditioner. Thus, the landlord defendants failed to establish, prima facie, that they did not create the allegedly defective condition in the plaintiff's air conditioner (see Lauzon v Stop & Shop Supermarket, 188 AD3d 856, 857; Paar v Sky Foods Mkt., Inc., 172 AD3d 1082, 1082-1083). Moreover, contrary to the landlord defendants' contention, they failed to establish, prima facie, that installing and cleaning the plaintiff's air conditioner fell outside of the building superintendent's scope of employment (see Camisa v Rosen, 150 AD3d 809, 810; Scott v Lopez, 136 AD3d 885, 886).
For similar reasons, the landlord defendants also failed to establish their prima facie entitlement to judgment as a matter of law dismissing MNR's cross claims for common-law indemnification (see Cando v Ajay Gen. Contr. Co. Inc., 200 AD3d 750, 752; Crutch v 421 Kent Dev., LLC, 192 AD3d 977, 981) and contribution (see Morris v Home Depot USA, 152 AD3d 669, 673; Kanterakis v Kanterakis, 129 AD3d 916, 917) insofar as asserted against them. Accordingly, the Supreme Court properly denied those branches of the landlord defendants' motion, regardless of the sufficiency of the parties' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions either need not be reached in light of our determination or are improperly raised for the first time on appeal.
BARROS, J.P., CHAMBERS, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court