■ ANTONIO MAUCERE, Respondent, v. JOSEPH MUNSON, Appellant.— In an action to recover damages for personal injuries, the appeal is from a judgment in favor of respondent for $50,193, including $193 costs, entered after trial before the court without a jury. Judgment reversed, without costs, and a new trial granted for the limited purpose of determining and awarding the damages sustained by respondent as a result of the accident complained of, unless respondent, within 20 days after the entry of the order hereon, stipulate to reduce the award in his favor to $20,000, in which event, the judgment, as so reduced, is unanimously affirmed, without costs. The award of damages in the amount of $50,000 was based, in part, on testimony of a physician who was erroneously permitted to state what respondent had told him on an occasion when he examined respondent as to the condition of respondent's vision prior to the accident complained of, and who conceded on cross-examination that his testimony as to respondent's loss of vision was based on such statements as to the history of respondent's ailment (cf. *Davidson* v. *Cornell*, 132 N. Y. 228, 237–238; *Belter* v. *Van Winkle*, 234 App. Div. 886; *Slacke* v. *Yellow Taxi Corp.*, 260 App. Div. 1046). No question has been presented on this appeal as to appellant's liability. Under such circumstances, a new trial is required for the limited purpose hereinbefore specified (cf. *Haughey* v. *Belmont Quadrangle Drilling Corp.*, 286 N. Y. 584; *Warner* v. *State of New York*, 297 N. Y. 395; *Realty Associates* v. *City of New York*, 1 A D 2d 1049). Appellant has suggested that we should, pursuant to section 584 of the Civil Practice Act, grant the judgment which the trial court ought to have granted by reducing respondent's recovery to an amount which will adequately compensate him for the injuries which were properly established. We may not do that without respondent's consent since, if objections to the incompetent evidence received had been sustained, respondent might have been able to establish by competent evidence that the impairment and loss of vision which he complained of resulted from appellant's negligence. Respondent may therefore have a new trial if he so elects. He may, however, stipulate to reduce the award in his favor to $20,000, which we consider adequate compensation for the injuries which he established not including loss of impairment of vision, or loss of hearing, and to reduce the judgment accordingly. Nolan, P. J., Wenzel, Murphy, Ughetta and Kleinfeld, JJ., concur.

■ POLYCHROME CORPORATION, Respondent, v. LITHOTECH CORP. et al., Appellants.— In an action against former employees and a corporation, which two of the former employees controlled and organized, and against others to enjoin the exploitation of trade secrets and other information, and for other relief, the appeal is from so much of an order as struck certain defenses from the answer as insufficient in law (Rules Civ. Prac., rule 109, subd. 6). The Special Term granted the motion on the ground that the allegations in the defenses were merely a repetition of denials already in the answer and provable thereunder. Order insofar as appealed from affirmed, with $10 costs and disbursements. The matters alleged in the defenses were provable under the denials in the answer. They did not tend to clarify the issues and appellants were not prejudiced by the granting of the motion. Under those circumstances, reversal is not required (*Thomas-Mack* v. *Ursula Holding Corp.*, 5 A D 2d 837; *Margon Corp.* v. *Dollac Corp.*, 3 A D 2d 845; see, e.g., *Home Ins. Co.* v. *Gillespie Loading Co.*, 222 App. Div. 67; cf. *Minnesota Min. & Mfg. Co.* v. *Technical Tape Corp.*, 3 A D 2d 759). Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur.