■ ROLF R. BENZIAN, Appellant, v. ELSA BENZIAN, Respondent.— Order entered on February 19, 1960, denying plaintiff's application to modify the custody provisions of a judgment of divorce granted on February 8, 1957, modified, on the law and on the facts, and in the exercise of discretion, without costs, to remand motion to Special Term for the purpose of holding a hearing on whether the best interests of the child of the parties require granting or denial of the relief requested. The application to amend the decree of divorce in connection with the custody of the child of the parties should be determined on the basis of what the best interests of the infant require. On this question, the papers submitted are entirely unsatisfactory, and the issue can best be determined on a hearing where the contentions of the former spouses can be substantiated by testimony. Concur — Stevens, Steuer and Bastow, JJ.; McNally, J. P., and Eager, J., dissent in the following memorandum by Eager, J.: The order should be affirmed. This proceeding was brought by plaintiff to modify the decree of divorce herein "by directing that the plaintiff above named have custody of  *  *  *  the infant child of the parties  *  *  * instead of the defendant  *  *  *  as provided by said judgment". It appears, however, that the plaintiff in 1956 voluntarily surrendered custody of the child to defendant. By the terms of a separation agreement, dated September 19, 1956, the plaintiff retained right of visitation, but he did not exercise this right. It is significant that the divorce decree procured and entered by him on February 8, 1957, gave absolute custody of the child to the defendant without provision for visitation by him; and that regular payments to be made by him under the terms of the decree, for support of the child, were never made. Furthermore, the plaintiff failed to make a sufficient prima facie showing of circumstances justifying a change in custody. Special Term properly held that the circumstances alleged did not warrant a hearing and, incidentally, specifically noted that a hearing was not requested.

■ BERENICE D. FAROLL et al., as Executors of JOSEPH FAROLL, Deceased, et al., Respondents, v. NATIONAL SURETY CORPORATION, Appellant.— Order, entered on November 23, 1960, granting plaintiffs' motion to strike five complete and one partial defense from defendant's answer to the amended complaint, unanimously modified, on the law and on the facts to the extent of reinstating the partial defense, and otherwise affirmed, without costs. The five separate complete defenses were properly stricken from the answer. The matters alleged therein may be proved under the general denials in the pleading. Special Term erred, however, in granting the motion to strike the partial defense. It might develop at the trial that the partial defense is sufficient. We pass upon no other question or issue. Concur — Botein, P. J., Rabin, McNally, Eager and Bastow, JJ.