• ■ BLANCHE K. GOLD et al., Appellants, v. SWISS AIR TRANSPORTATION Co., LTD., Respondent, et al., Defendant.— In a negligence action to recover damages for personal injuries sustained by plaintiff Blanche K. Gold, and by her husband for medical expenses, etc., plaintiffs appeal from an order of the Supreme Court, Nassau County, dated July 18, 1968, which denied their motion to dismiss for insufficiency the first affirmative defense alleged in the answer of defendant Swiss Air Transportation Co., Ltd. Order reversed, on the law, with $20 costs and disbursements; motion granted; and first affirmative defense dismissed. In our opinion the affidavits in opposition to the motion failed to

set forth sufficient facts to support respondent's allegation of the existence or the terms of the alleged contract between plaintiffs and Flying Mercury, Inc. We are further of the opinion that, even had such proof been adduced, the defense would still be insufficient in law. The complaint alleges that while plaintiffs were in the course of an "all services" tour of Spain, sold to them by defendants, and while they were being transported by defendants, their servants, agents or employees in and to Madrid, Spain, they were "invited" to use certain rest room facilities by said defendants, their servants, agents or employees. The complaint further alleges that, while plaintiff Blanche K. Gold was availing herself of these facilities "afforded to her" by defendants, she was caused to be "violently precipitated towards the ground by reason of a dangerous, and defective condition of the aforesaid rest room facilities." The affirmative defense alleges that the contract between plaintiffs and the tour operator contained a provision exempting "The Airlines concerned" of all responsibility for any act, omission or event which would not take place while the passengers were on board the airlines' planes or conveyances. It appears to be undisputed that the accident in question did not take place on board respondent's planes or conveyances. In our opinion, such a clause is exculpatory and invalid absent an allegation that the injured plaintiff was afforded a choice of rates (*Conklin* v. *Canadian-Colonial Airways*, 266 N. Y. 244; *Anderson* v. *Erie R. R. Co.*, 223 N. Y. 277; *Montalbano* v. *New York Cent. R. R. Co.*, 267 App. Div. 617; see, also, *Ciofalo* v. *Vic Tanney Gyms*, 10 N Y 2d 294). The legal relationship of carrier and passenger which gives rise to the duty of care subsists beyond the mere physical presence of the passenger on board the conveyance (*Zeccardi* v. *Yonkers R. R. Co.*, 190 N. Y. 389; *Parsons* v. *New York Cent. & Hudson Riv. R. R. Co.*, 113 N. Y. 355; see Ann. 35 A. L. R. 757; Ann. 61 A. L. R. 403). It continues where, as here, the passenger alights at an intermediate stop, at the express or implied invitation of the carrier, to employ rest room facilities (see *Goodman* v. *Queen City Lines*, 208 N. C. 323) It follows that such a clause purporting to limit the liability of a carrier solely to those occasions when the passengers are physically on board the conveyance is exculpatory in the sense that it attempts to reduce the scope of the duty of safe carriage. It fails to comport with the public policy of the State against such a clause unless the passengers are offered a choice of rates. The absence of such an allegation in the supporting affidavits is fatal on a motion to dismiss the defense, which brings up for review the merits of the defense as well as the sufficiency of the pleading (CPLR 3211, subd. [b]). The question of whether the duty of safe carriage extended to the operation and maintenance of the rest room facility in the instant case is not presented on this record and we express no opinion with regard thereto. If the purpose of this allegation in the defense is to show that the respondent airline was not liable for land transportation, this may be shown under the general denials and is not a proper subject for an affirmative defense (*Polychrome Corp.* v. *Lithotech Corp.*, 6 A D 2d 892; *Faroll* v. *National Sur. Corp.*, 13 A D 2d 952). Brennan, Acting P. J., Hopkins, Benjamin and Kleinfeld, JJ., concur; Martuscello, J., concurs in result.