■ JOANN DiMARCO, Individually and as Guardian ad Litem for FRANK DiMARCO, et al., Plaintiffs, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants, and BATH BEACH BODY BUILDING WOMEN'S HEALTH SPA, INC., Doing Business as BEACH HEALTH SPA/BATH BEACH BODY BUILDING, Defendant and Third-Party Defendant-Appellant.—In an action to recover damages for personal injuries, etc., the defendant third-party defendant Bath Beach Body Building Women's Health Spa, Inc., doing business as Bath Beach Health Spa/Bath Beach Body Building, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Clemente, J.), entered September 5, 1990, as denied that branch of its motion which was for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of

the defendant third-party defendant's motion which was for summary judgment dismissing the third-party complaint is granted.

In March 1985 the plaintiff Frank DiMarco, a New York City firefighter, was seriously injured while boxing at the gym owned by the defendant third-party defendant (hereinafter the gym). The injured plaintiff and his wife commenced an action against the New York City Health and Hospitals Corporation and the New York City Fire Department. Thereafter, the defendant New York City Health and Hospitals (hereinafter the City), brought a third-party action seeking indemnification from the gym. The plaintiffs later amended their complaint to include the gym owner as a defendant.

In 1990 the gym made a motion for summary judgment seeking dismissal of both the plaintiffs' complaint insofar as asserted against it and the third-party complaint. The Supreme Court held that, under the doctrine of assumption of risk, the plaintiffs could not maintain an action in negligence against the gym. However, the Supreme Court denied that branch of the motion which sought dismissal of the third-party complaint holding that, despite the doctrine of assumption of risk, the City could still assert a claim for contribution against the gym. This appeal ensued.

Pursuant to CPLR 1401 the basic requirement for contribution is that the culpable parties must be "subject to liability for damages for the *same* personal injury" (emphasis supplied; *Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559, 568; *see, Garrett v Holiday Inns*, 58 NY2d 253, 258). Although the right of apportionment may arise from a duty owed directly to the injured party or to the party seeking contribution, the critical requirement for apportionment is that the breach of the duty by the contributing party must have had a part in causing or augmenting the injury for which contribution is sought *(see, Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.*, 71 NY2d 599, 603; *see also, Schauer v Joyce*, 54 NY2d 1; *Dole v Dow Chem. Co.*, 30 NY2d 143; CPLR 1401).

In the present case, the record reveals that the injured plaintiff was a skilled and experienced boxer who voluntarily participated in the boxing event which led to his injuries. Under the doctrine of assumption of risk, the injured plaintiff, by such participation, consented that the duty of care owed him by the gym was no more than a duty to avoid reckless or intentionally harmful conduct *(see, Turcotte v Fell*, 68 NY2d

432, 437). Since there is no claim that the gym's conduct towards the injured plaintiff was reckless or intentionally harmful, nor is there any support in the record for such a claim, it is axiomatic that the gym did not breach any duty of care to the injured plaintiff. Without a breach of any duty, the gym cannot be found to have had a part in causing or augmenting the injury for which the City seeks contribution, and thus no claim for contribution will lie (see, Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp., supra, at 603). Nor was there any cognizable relationship between the gym and the City which would give rise to any duty owed between these parties. Accordingly, the only duty which the gym could have breached was one owed to the injured plaintiff, and since there was no such breach the City's claim for contribution does not lie and the third-party action is dismissed. Thompson, J. P., Bracken, Pizzuto and Santucci, JJ., concur.