■ JOAN DUENAS et al., Plaintiffs, v NORTH HARBOR COMPANY, Defendant and Third-Party Plaintiff-Respondent. HOWARD REISER et al., Third-Party Defendants; HARBOR BASEMENT WATERPROOFING, INC., Third-Party Defendant-Appellant. [717 NYS2d 260] —In an action to recover damages for personal injuries, etc., the second third-party defendant, Harbor Basement Waterproofing, Inc., appeals from an order of the Supreme Court, Suffolk County (Hall, J.), entered February 18, 2000, which denied its motion for summary judgment dismissing the second third-party complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Joan Duenas was injured when she allegedly slipped and fell on a wet carpet located on the ground floor of a building owned by the respondent, North Harbor Company (hereinafter North Harbor). Prior to the accident, North Harbor had twice contracted with the appellant, Harbor Basement Waterproofing, Inc. (hereinafter the appellant), to make repairs at the building to address the problem of "seepage through [the] foundation walls." In its second third-party complaint, North Harbor seeks contribution from the appellant in the event that North Harbor is found liable to the injured plaintiff.

Contribution pursuant to CPLR 1401 requires that the culpable parties must be "subject to liability for damages for the *same* personal injury" (emphasis supplied) (*Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559, 568; *see also, Garret v Holiday Inns,* 58 NY2d 253, 258). "Although the right of apportionment may arise from a duty owed directly to the injured party or to the party seeking contribution, the critical requirement for apportionment is that the breach of the duty by the contributing party must have had a part in causing or augmenting the injury for which contribution is sought" (*DiMarco v New York City Health & Hosps. Corp.,* 187 AD2d 479, 480; *see, Raquet v Braun,* 90 NY2d 177; *Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.,* 71 NY2d 599, 603; *see also, Schauer v Joyce,* 54 NY2d 1; *Dole v Dow Chem. Co.,* 30 NY2d 143; CPLR 1401).

There are questions of fact as to whether the appellant

breached its contract with North Harbor and, if so, whether this breach caused the injured plaintiff's accident. Accordingly, the Supreme Court properly denied the appellant's motion to dismiss North Harbor's second third-party complaint (*see, Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp., supra*; *see generally, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851). Thompson, J. P., Sullivan, Krausman and Florio, JJ., concur.