■ LESTER PETRACCA, Respondent-Appellant, v EUGENE PETRACCA et al., Appellants-Respondents, and ROCKAWAY TRIANGLE LIMITED PARTNERSHIP et al., Respondents-Appellants. [760 NYS2d 513] —In an action to recover damages for breach of contract, (1) the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), entered August 21, 2002, as denied those branches of their motion which were for summary judgment on their fifth and sixth counterclaims, and to dismiss the fourth, sixth through eleventh, and thirteenth affirmative defenses of the plaintiff and the additional counterclaim defendants to their counterclaims, and (2) the plaintiff and additional counterclaim defendants cross-appeal, as limited by their brief, from so much of the same order as denied those branches of their motion which were to dismiss the first, second, and fifth counterclaims and for summary judgment dismissing the eleventh counterclaim.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying those branches of the defendants' motion which were to dismiss the fourth, sixth through eleventh, and thirteenth affirmative defenses of the plaintiff and the additional counterclaim defendants to their counterclaims and substituting therefor a provision granting those branches of the defendants' motion, and (2) deleting the provision thereof denying those branches of the motion of the plaintiff and additional counterclaim defendants which were to dismiss the second counterclaim and for summary judgment dismissing the eleventh counterclaim and substituting therefor a provision granting those branches of that motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

All of the affirmative defenses to the counterclaims challenged on this appeal should have been dismissed. The sixth affirmative defense alleges that the counterclaims fail to state a cause of action. A defense that a counterclaim does not state a valid cause of action must be raised by appropriate motion pursuant to CPLR 3211 (a) (7) (*cf. Propoco, Inc. v Birnbaum,* 157 AD2d 774, 775 [1990]). The fourth, seventh through eleventh, and thirteenth affirmative defenses should also have been dismissed since they were "totally bereft of factual data" (*Glenesk v Guidance Realty Corp.,* 36 AD2d 852, 853 [1971]; *see* CPLR 3018 [b]). Defenses which merely plead conclusions of law without supporting facts are insufficient and should be stricken (*see Bentivegna v Meenan Oil Co.,* 126 AD2d 506, 508 [1987]).

The plaintiff and the additional counterclaim defendants failed initially to establish their entitlement to dismissal of the first counterclaim as a matter of law in that they did not present evidence that the defendants' time to sue had expired (*see Town of Hempstead v Lizza Indus.,* 293 AD2d 739, 740 [2002]). However, they demonstrated their prima facie entitlement to dismissal of the second counterclaim to recover damages in quantum meruit for services rendered by submitting documentary evidence that the defendants had completed the work in question by the end of 1993, more than six years before this action was commenced (*see* CPLR 213 [2]; *Stewart v Stuart,* 262 AD2d 396 [1999]; *Moors v Hall,* 143 AD2d 336, 339-340 [1988]). In response, the defendants presented only conclusory statements and unsubstantiated allegations concerning when the work had been completed, which were insufficient to defeat the motion for summary judgment based on the expiration of the statute of limitations (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]).

With respect to the fifth and sixth counterclaims, in opposition to the defendants' prima facie showing of entitlement to summary judgment, the plaintiff and the additional counterclaim defendants adduced evidence that raised triable issues of fact as to the existence and amount of the loans payable to the defendants (*see Zuckerman v City of New York, supra*). Furthermore, dismissal of the fifth counterclaim as barred by the statute of limitations was not warranted because the defendants raised questions of fact with respect to when the claim accrued (*see Matter of Bayside Controls*, 295 AD2d 343, 345 [2002]). Accordingly, the Supreme Court properly denied summary judgment on those claims.

The Supreme Court erred in denying the plaintiff and the additional counterclaim defendants summary judgment dismissing the defendants' eleventh counterclaim alleging breach of contract. In opposition to their prima facie showing of entitlement to summary judgment, the defendants failed to adduce evidence to raise a triable issue of fact as to whether they were entitled to the disputed funds (*see Zuckerman v City of New York, supra*).

We need not address the additional counterclaim defendants' argument that the counterclaims were not commenced against them until they accepted service of the defendants' answer as such argument was first raised before the Supreme Court in their reply papers (*see Peterkin v City of New York*, 293 AD2d 244, 249 [2002]).

The parties' remaining contentions are without merit. Florio, J.P., Schmidt, Townes and Crane, JJ., concur.