■ MICHAEL CAVOTA, Plaintiff, v PERINI CORPORATION, Appellant, KOCH NAB, JOINT VENTURE et al., Defendants, and KEYSTONE CONSTRUCTION CORP., Respondent. [817 NYS2d 648]—

In an action to recover damages for personal injuries, the defendant Perini Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Alpert, J.), dated July 29, 2005, as granted that branch of the motion of the defendant Keystone Construction Corp. which was, in effect, for leave to renew that branch of that defendant's prior motion which was for summary judgment dismissing its cross claim insofar as asserted against that defendant, which

was denied by an order of the same court dated February 28, 2005, and, upon renewal, granted that branch of the prior motion.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was, in effect, for leave to renew is denied, and so much of the order dated February 28, 2005 as denied that branch of the prior motion which was for summary judgment dismissing the appellant's cross claim insofar as asserted against the defendant Keystone Construction Corp. is reinstated.

The defendant Perini Corporation (hereinafter Perini), the general contractor for certain work done on the Williamsburg Bridge, subcontracted steel work to the defendant American Bridge Company (hereinafter American Bridge) and painting work to the defendant Keystone Construction Corp. (hereinafter Keystone). The plaintiff, an employee of American Bridge, allegedly was injured when he tripped over a tarp he believed was left on the ground by Keystone. The plaintiff commenced this action to recover damages for personal injuries against, among others, Keystone and Perini, and Perini asserted a cross claim against, among others, Keystone.

By order entered September 9, 2004 the Supreme Court, inter alia, granted Keystone's cross motion for summary judgment dismissing the complaint insofar as asserted against it. Thereafter, Keystone moved, among other things, for summary judgment dismissing Perini's cross claim insofar as asserted against it, arguing, inter alia, that it could not be found liable to Perini absent any liability to the plaintiff. By order dated February 28, 2005 the Supreme Court, inter alia, denied that branch of the motion. By order dated July 29, 2005 the Supreme Court, inter alia, granted that branch of Keystone's motion which was, in effect, for leave to renew that branch of Keystone's prior motion which was for summary judgment dismissing Perini's cross claim insofar as asserted against Keystone and, upon renewal, granted that branch of the prior motion. We disagree with the Supreme Court's determination.

Here, questions of fact exist as to whether Keystone breached its contract with Perini by failing to adequately clean the worksite and prevent accidents to workers in the vicinity, and, if so, whether this breach caused the plaintiff's accident. Therefore, that branch of Keystone's motion which was, in effect, for leave to renew that branch of Keystone's prior motion which was for summary judgment dismissing Perini's cross claim insofar as asserted against Keystone should be denied (*see Nelson v Chelsea GCA Realty, Inc.*, 18 AD3d 838 [2005]; *Duenas*

*v North Harbor Co.,* 278 AD2d 193 [2000]). Florio, J.P., Miller, Adams and Skelos, JJ., concur.