■ Selena Kerr, Appellant, v Eric Vinokur et al., Respondents. [829 NYS2d 622]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Werner, J.), entered May 31, 2005, which, upon a jury verdict, is in favor of the defendants and against her.

Ordered that the judgment is affirmed, with one bill of costs.

The plaintiff underwent LASIK eye surgery on both of her eyes in early 1998. The surgery was performed by the defendant Lewis Weinstein. The defendant Eric Vinokur provided the preoperative and postoperative care. The plaintiff experienced difficulties with her eyesight following the surgery, and she subsequently commenced this action alleging that the defendants committed medical malpractice. The case proceeded to a jury trial.

Contrary to the plaintiff's contention, the trial court properly precluded certain testimony by one of the plaintiff's experts, Dr. Ginsburg, inasmuch as that testimony was predicated largely on the elicitation of plaintiff's subjective complaints to someone other than one of her treating physicians who was performing tests solely in anticipation of litigation (*see De Luca v Kameros,* 130 AD2d 705 [1987]; *Nissen v Rubin,* 121 AD2d 320, 321 [1986]; *Maucere v Munson,* 6 AD2d 892 [1958]; *Slacke v Yellow Taxi Corp.,* 260 App Div 1046 [1940]).

On this record, the denial of the plaintiff's request to present rebuttal evidence was neither a clear abuse nor an improvident exercise of the trial court's discretion (*see Capone v Gannon,* 150 AD2d 749, 750 [1989]).

The trial court permitted a defense expert to testify, on direct examination, about the lack of any "significant study" relating the size of a patient's pupils to certain alleged side effects of LASIK surgery. Assuming it was error for the court to permit such testimony (*see Lipschitz v Stein*, 10 AD3d 634, 635 [2004]), we find, on this record, that its admission did not have a substantial influence upon the result of the trial and, therefore, does not require reversal (*see* CPLR 2002; *Kropf v New York Hosp.*, 212 AD2d 761 [1995]). Indeed, immediately after the testimony, the expert went on to explain that his opinion was based, among other things, on his personal experience in having performed approximately 33,000 laser procedures, and having observed that the great majority of his patients did not develop the alleged side effects "regardless of pupil size."

The plaintiff's claim that the court erred in allowing into evidence unauthenticated medical records of two of her treating physicians is largely unpreserved for appellate review (*see* CPLR 5501 [a] [3]). To the extent the plaintiff's claim is preserved, we find that any error was harmless (*see* CPLR 2002; *Walker v State of New York*, 111 AD2d 164, 165 [1985]).

The plaintiff's remaining contentions are unpreserved for appellate review, or are without merit. Mastro, J.P., Krausman, Fisher and Lifson, JJ., concur.