KLIO PLEMMENOU, Plaintiff, v STAVROULA ARVANITAKIS, Defendant, and DIME SAVINGS BANK OF WILLIAMSBURGH, Defendant and Third-Party Plaintiff-Appellant. EUGENE ANNINOS, Third-Party Defendant-Respondent. [833 NYS2d 596]—

In an action pursuant to RPAPL article 15 for a judgment, inter alia, declaring that the mortgage lien held by the defendant third-party plaintiff on certain real property is null and void, the defendant third-party plaintiff appeals from an order of the Supreme Court, Queens County (Dorsa, J.), entered August 25, 2005, which denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the third-party defendant's counterclaim and pursuant to CPLR 3211 (b) to dismiss the third-party defendant's affirmative defenses.

Ordered that the order is reversed, on the law, with costs, and the motion to dismiss the third-party defendant's counterclaim and affirmative defenses is granted.

The plaintiff commenced this action to set aside a conveyance of real property and for a judgment declaring that the mortgage lien held by the defendant third-party plaintiff (hereinafter the bank) on certain real property is null and void. She alleged that

the third-party defendant Eugene Anninos (hereinafter the notary) notarized a signature purporting to be hers on a power of attorney. The plaintiff alleged that she did not appear before the notary and did not execute the power of attorney. The power of attorney, by its terms, appointed the plaintiff's former husband, Konstantinos Adamopoulos, as her attorney in fact. The plaintiff alleged that Adamopoulos improperly used the power of attorney to convey her real property to a third party.

The bank commenced a third-party action against the notary for indemnification. It alleged that it relied upon the notarization when it approved the mortgage loan and accepted the mortgage documents, and that in the event the plaintiff obtained a judgment declaring that the mortgage is void, based upon an invalid power of attorney in the chain of title, it would sustain damages as a result of the notary's misconduct. The bank thus alleged that it would be entitled to judgment against the notary for such damages. In its answer to the third-party complaint, the notary denied the bank's material allegations, interposed 16 affirmative defenses, and asserted a counterclaim for common-law contribution and indemnification, based upon the damages he would sustain if found liable for notarial misconduct pursuant to Executive Law § 135. The court denied the bank's motion to dismiss the counterclaim and the affirmative defenses. We reverse.

The Supreme Court should have granted the bank's motion to dismiss all of the affirmative defenses and the counterclaim. The first affirmative defense alleges that the third-party action fails to state a claim upon which relief may be granted. However, such a defense must be raised by appropriate motion pursuant to CPLR 3211 (a) (7) (see Petracca v Petracca, 305 AD2d 566, 567 [2003]; Propoco, Inc. v Birnbaum, 157 AD2d 774, 775 [1990]; Bentivegna v Meenan Oil Co., 126 AD2d 506, 507-508 [1987]; Glenesk v Guidance Realty Corp., 36 AD2d 852, 853 [1971]). The ninth, tenth, eleventh, thirteenth, and fifteenth affirmative defenses should have been dismissed because they simply repeat denials already set forth in the answer to the third-party complaint (see Gold v Swiss Air Transp. Co., 33 AD2d 777, 778 [1969]; Polychrome Corp. v Lithotech Corp., 6 AD2d 892 [1958]). The twelfth and sixteenth affirmative defenses are insufficient because they merely plead conclusions of law and are unsupported by facts (see Petracca v Petracca, supra at 567; Bentivegna v Meenan Oil Co., supra at 508; Glenesk v Guidance Realty Corp., supra at 853).

The second, third, fourth, sixth, seventh, eighth, and fourteenth affirmative defenses, which seek to limit recovery on

the basis of the bank's alleged negligence, also should have been dismissed. Pursuant to CPLR 1411, the culpable conduct of a party in an action to recover damages for personal injury, injury to property, or wrongful death may diminish the amount of damages to which he or she would otherwise be entitled (*see* CPLR 1411). The instant action does not seek recovery for personal injury, injury to property, or wrongful death. Here, moreover, the bank's theory of liability is based upon notarial misconduct pursuant to Executive Law § 135, not common-law negligence. Therefore, the affirmative defenses set forth in CPLR 1411 are unavailable. For similar reasons, the court should have dismissed the fifth affirmative defense, alleging that any damages which may be recovered in the action should be diminished by collateral source payments, as that rule applies only to actions to recover damages for medical, dental, and podiatric malpractice, personal injury, injury to property, and wrongful death (*see* CPLR 4545).

Additionally, the court should have dismissed the notary's counterclaim for common-law contribution and indemnification. Pursuant to CPLR 1401, the basic requirement for contribution is that the culpable parties must be "subject to liability for damages for the *same* personal injury, injury to property or wrongful death" (CPLR 1401 [emphasis added]; s*ee Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.*, 71 NY2d 599, 602-603 [1988]; *DiMarco v New York City Health & Hosps. Corp.*, 187 AD2d 479, 480 [1992]). Here, the notary's counterclaim does not allege the type of injury to which CPLR 1401 applies, nor does it allege that the bank and the notary are liable for the same injury.

Finally, the key element of a common-law cause of action for indemnification is a duty owed the indemnitee by the indemnitor (*see Raquet v Braun*, 90 NY2d 177, 183 [1997]). Here, the counterclaim does not contain any allegations establishing the existence of such a duty owed by the bank to the notary. Crane, J.P., Krausman, Covello and Carni, JJ., concur.