[868 NYS2d 101]

MARIE K. BUTLER, Respondent, v CARMEL CATINELLA, Defendant and Third-Party Plaintiff-Appellant. WAGNER & KELLY MANAGEMENT, INC., Third-Party Defendant-Respondent.

Second Department, November 18, 2008

## APPEARANCES OF COUNSEL

*Scott B. Schwartz, PLLC*, New York City, for defendant and third-party plaintiff-appellant.

*Kathy Lane*, Long Beach, for respondents.

## OPINION OF THE COURT

RIVERA, J.P.

In the context of New York civil litigation, CPLR 3211 is a "bread and butter" statute. CPLR 3211 encompasses procedural nuances which touch upon a huge spectrum of factual and legal scenarios. On the instant appeal, we take the opportunity to reconsider whether the defense of failure to state a cause of action, a ground listed in CPLR 3211 (a) (7), may properly be interposed in an answer. In several cases, this Court has stated that this defense may not be included in the answer, but must be raised by appropriate motion pursuant to CPLR 3211 (a) (7). For the reasons that follow, we conclude that those cases do not articulate the correct legal standard and, therefore, should no longer reflect the jurisprudence of the Second Judicial Department.

## I. Factual and Procedural Background

On December 5, 1997, the plaintiff and Andrew J. Catinella (hereinafter Andrew), the late husband of the defendant and third-party plaintiff (hereinafter the appellant), entered into a purchase and sale agreement, as partners and owners of certain property located in Woodside (hereinafter the subject property). The purchase and sale agreement, which was drafted by Andrew, an attorney, provided, in relevant part, that, upon either of their deaths, the surviving partner would purchase the equity interest of the deceased partner. They agreed that the value of the subject property was $800,000, and that this value would be reduced by the amount of the mortgage principal balance existing at the time of the death. Upon Andrew's death, the plaintiff attempted to purchase Andrew's equity interest from his widow, the appellant, as executrix of Andrew's estate. The appellant refused to proceed with the sale.

The plaintiff commenced the instant action for specific performance. In an amended verified answer, the appellant asserted several defenses and counterclaims. As relevant to the

instant appeal, as a first defense (denominated as an "affirmative defense"), the appellant asserted that the verified complaint failed to state a cause of action. As a third defense, the appellant asserted that "any relief" must be denied to the plaintiff "based upon the equitable doctrine of unclean hands." As a fourth defense, the appellant asserted that the purchase and sale agreement should not be enforced because the "terms of same are unconscionable." As a fifth defense and first counterclaim, the appellant alleged that, "[a]t some time prior to January 8, 2003," the plaintiff and Andrew formed a limited liability company and dissolved their prior partnership relating to the subject property. The appellant further alleged that she inherited her husband's interest in the subject property, which she now owned with the plaintiff, as partners and tenants in common. As a sixth defense and second counterclaim, the appellant claimed that, from May 2003 to the present, the plaintiff breached the purchase and sale agreement by failing to pay her the sum of $3,000 per month, which was formerly received by Andrew "in profit from the operation" of the subject property. As a seventh defense and third counterclaim, the appellant asserted that, in late fall or early winter of 2002, the plaintiff and Andrew agreed that the purchase and sale agreement was "inherently inaccurate because the buy out value" was "far below market value." She asserted that they "revoked" that agreement and agreed to form a limited liability company "to allow for the passing on to one's heirs their share of the value of the [subject] property, without the descendant/heir having a managerial role." She alleged that the plaintiff "failed and refused" to sign the "operating agreement" and "breached her fiduciary duty" to Andrew and his estate. The appellant further commenced a third-party action against Wagner & Kelly Management, Inc. (hereinafter Wagner & Kelly), the managing agent of the subject property, asserting that Wagner & Kelly failed to pay her the profits formerly paid to Andrew.

The plaintiff and Wagner & Kelly, inter alia, moved pursuant to CPLR 3211 to dismiss the defenses, the counterclaims, and the third-party complaint. Among other things, the Supreme Court granted those branches of the motion which were to dismiss the first, third, fourth, fifth, sixth and seventh defenses, all counterclaims, and the third-party complaint. We modify.

## II. The Defense of Failure to State a Cause of Action

"A party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no

merit" (CPLR 3211 [b]). "Upon a motion to dismiss a defense, the defendant is entitled to the benefit of every reasonable intendment of its pleading, which is to be liberally construed. If there is any doubt as to the availability of a defense, it should not be dismissed" (*Federici v Metropolis Night Club, Inc.*, 48 AD3d 741, 743 [2008]; *see Amerada Hess Corp. v Town of Southold*, 39 AD3d 442 [2007]; *Warwick v Cruz*, 270 AD2d 255 [2000]). The movants bear "the burden of demonstrating that those defenses [a]re without merit as a matter of law" (*Vita v New York Waste Servs., LLC*, 34 AD3d 559, 559 [2006]).

In granting that branch of the motion, in effect, pursuant to CPLR 3211 (b), which was to dismiss the first defense, namely, that the verified complaint failed to state a cause of action, the Supreme Court relied upon certain cases wherein this Court stated that "[i]n this judicial department, a defense that a complaint does not state a valid cause of action cannot be interposed in an answer, but must be raised by appropriate motion pursuant to CPLR 3211 (a) (7)" (*Propoco, Inc. v Birnbaum*, 157 AD2d 774, 775 [1990]; *see Plemmenou v Arvanitakis*, 39 AD3d 612, 613 [2007]; *Jacobowitz v Leak*, 19 AD3d 453, 455 [2005]; *Citibank, N.A. v Walker*, 12 AD3d 480, 481 [2004]; *Petracca v Petracca*, 305 AD2d 566, 567 [2003]; *Staten Is.-Arlington, Inc. v Wilpon*, 251 AD2d 650 [1998]; *Sagevick v Sanchez*, 228 AD2d 488, 489 [1996]; *Guglielmo v Roosevelt Hosp. Staff Hous. Co.*, 222 AD2d 403, 404 [1995]; *Platt v Portnoy*, 220 AD2d 652, 653 [1995]; *Bentivegna v Meenan Oil Co.*, 126 AD2d 506, 507-508 [1987]; *Bazinet v Lorenz*, 70 AD2d 582 [1979]; *Glenesk v Guidance Realty Corp.*, 36 AD2d 852, 853 [1971]).

It appears that the articulation of the rule prohibiting a defense that a complaint does not state a valid cause of action from being interposed in an answer originated in the statutory language of the 1877 Code of Civil Procedure, a predecessor to the modern day Civil Practice Law and Rules. The Code of Civil Procedure provided that a defendant may *demur* to the complaint where, inter alia, the objection "[t]hat the complaint does not state facts sufficient to constitute a cause of action" appeared upon the face of the complaint (Code Civ Pro § 488 [8]). Consistent therewith, in *Falk v MacMasters* (197 App Div 357, 362 [1921]), decided on June 10, 1921, this Court held that "[t]he defense that the complaint does not state facts sufficient to constitute a cause of action *cannot be taken by answer*. If the complaint is deficient in its allegations, that defect appears on the face of the complaint and should be taken by demurrer"

(emphasis added). A demurrer is defined as "a pleading stating that although the facts alleged in a complaint may be true, they are insufficient for the plaintiff to state a claim for relief and for the defendant to frame an answer" (Black's Law Dictionary 465 [8th ed 2004]).

In 1920, the Civil Practice Act abolished demurrer (*see* Civ Prac Act § 277). In this regard, Civil Practice Act § 277 provided, in relevant part, "[t]he demurrer is abolished. An objection to a pleading in point of law, for a ground appearing on the face of the pleading, may be taken by motion or by the answering pleading." In 1921, the Civil Practice Act was amended. As amended, section 277 of the Civil Practice Act omitted, inter alia, the words "or by the answering pleading." Thus, an objection to a pleading had to be taken by motion and could not be asserted in an answer. Also in 1921, the Civil Practice Act was supplemented by the Rules of Civil Practice. As per rule 106 (5) of the Rules of Civil Practice,

> "[w]ithin twenty days after the service of the complaint, the defendant may serve notice of motion for judgment dismissing the complaint, or one or more causes of action stated therein, where it appears on the face thereof: That the complaint does not state facts sufficient to constitute a cause of action."

The CPLR was enacted by the Legislature in 1962 (*see* L 1962, ch 308, as amended by L 1962, chs 315, 316, 318) and went into effect on September 1, 1963, thereby replacing the former Civil Practice Act and the Rules of Civil Practice. CPLR 3211 (e) provides, in relevant part, that "[a]t any time before service of the responsive pleading is required, a party may move on one or more of the grounds set forth in subdivision (a), and no more than one such motion shall be permitted." Significantly, since the initial enactment of the CPLR, and continuing to the present version, CPLR 3211 (e) provides that a "motion based upon a ground specified" in CPLR 3211 (a) (7), namely, that "the pleading fails to state a cause of action" may be made at any subsequent time "or [raised] in a later pleading, if one is permitted." Accordingly, this Court's pronouncement that "a defense that a complaint does not state a valid cause of action cannot be interposed in an answer, but must be raised by appropriate motion pursuant to CPLR 3211 (a) (7)" runs afoul of the clear language of CPLR 3211 (e). That section expressly permits a defendant to assert or raise, in a "pleading," the defense that a complaint does not state a cause of action.

Our sister tribunals in the Appellate Division, First Department and Appellate Division, Third Department have previously held that pleading the defense of failure to state a cause of action is unnecessary, constitutes "harmless surplusage," and that a motion by the plaintiff to strike the same should be denied (*Citibank [S.D.] v Coughlin*, 274 AD2d 658, 659-660 [2000]; *see Dubois v Vanderwalker*, 245 AD2d 758, 760 [1997]; *D'Agostino v Harding*, 217 AD2d 835, 836 [1995]; *Schmidt's Wholesale v Miller & Lehman Constr.*, 173 AD2d 1004, 1005 [1991]; *Pump v Anchor Motor Frgt.*, 138 AD2d 849, 850-851 [1988]; *Riland v Todman & Co.*, 56 AD2d 350 [1977]). In this regard, the Appellate Division, First Department and the Appellate Division, Third Department opine that no motion by the plaintiff lies under CPLR 3211 (b) to strike the defense, as this amounts to an endeavor by the plaintiff to test the sufficiency of his or her own claim (*see Riland v Todman & Co.*, 56 AD2d 350 [1977]). The positions taken by those Courts are well-grounded and sound. Accordingly, we concur with that rationale and adopt it as this Court's rule of law. To the extent that prior cases from this Court hold differently, henceforth they should no longer be followed.

Although at the time that the Supreme Court decided the subject motion it was applying the then-existing precedent of this Court, based upon the holding adopted herein, that branch of the motion of the plaintiff and Wagner & Kelly which was to dismiss the first defense should have been denied.

We note that, in her answer, the appellant denominated the defense of failure to state a cause of action as an "affirmative defense." Affirmative defenses, such as those set forth in CPLR 3018 (b), as a general rule, would be "deemed waived if not raised in the pleadings" (*Surlak v Surlak*, 95 AD2d 371, 383 [1983]). CPLR 3018 (b) includes two alternative definitions of an affirmative defense. In this regard, an affirmative defense is any matter "which if not pleaded would be likely to take the adverse party by surprise" or "would raise issues of fact not appearing on the face of a prior pleading" (CPLR 3018 [b]). CPLR 3018 (b) lists those commonly referred to as traditional affirmative defenses, but concludes that "[t]he application of this subdivision shall not be confined to the instances enumerated." Therefore, the list of affirmative defenses included in CPLR 3018 (b) is not all inclusive. In the Practice Commentaries accompanying CPLR 3018, Professor David D. Siegel instructs that when in doubt as to whether or not a matter is an affirma-

tive defense, it is best to treat it as a defense and plead it (*see* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3018:16). The defense of failure to state a cause of action, when asserted in a responsive pleading (i.e., the answer) is "one of those objections not subject to the rigid time limits that CPLR 3211 (e) otherwise imposes on CPLR 3211 (a) objections, so it remains viable whether included in the answer or not" (Siegel, NY Prac § 269, at 450 [4th ed]). However, a party who asserts the defense of failure to state a cause of action in a pleading will not achieve the intended purpose of dismissal, unless and until he or she makes an appropriate motion.

In sum, the appellant herein had several options available to her: (1) she could have made a pre-answer motion to dismiss the complaint based upon the ground that the complaint failed to state a cause of action; (2) in the absence of a pre-answer motion, she could have asserted (as, in fact, she did), the defense of failure to state a cause of action in the answer; or (3) she could have opted to make a postanswer motion on this ground, irrespective of whether she had made a pre-answer motion or asserted the defense in the answer, because the motion to dismiss based upon a ground that the complaint failed to state a cause of action can be made at any time.

### III. The Remaining Defenses/Counterclaims/Third-Party Complaint

The Supreme Court properly granted those branches of the motion of the plaintiff and Wagner & Kelly which were to dismiss the third, fourth, fifth, sixth and seventh defenses, all counterclaims, and the third-party complaint.

The third, fourth and seventh defenses, and the third counterclaim, have no merit as a matter of law. The terms of the purchase and sale agreement, which were drafted by Andrew, were not unconscionable as a matter of law, and there is no indication that the plaintiff engaged in any inequitable conduct (*see King v Fox*, 7 NY3d 181, 191 [2006]; *Galuth Realty Corp. v Greenfield*, 103 AD2d 819 [1984]).

The appellant's fifth defense and the first counterclaim are premised on the appellant's unsupportable allegation that the purchase and sale agreement had been revoked. The appellant's reliance upon an unsigned operating agreement as purported evidence to show that the purchase and sale agreement was revoked by the plaintiff is misplaced and unavailing. Under the express terms of the purchase and sale agreement, any alteration

or amendment thereto had to be effectuated by filing "a written instrument setting forth such changes signed by all of the [p]artners."

Similarly, the sixth defense and the second counterclaim, as well as the third-party complaint, were erroneously premised on the unsupportable claim that the appellant was entitled to receive profits from the operation of the subject property. This claim was contrary to, and in derogation of, the clear terms of the purchase and sale agreement, which provided that the plaintiff, as the surviving partner, was "entitled exclusively to operate the business from the date of [Andrew's] death and receive the income or profits from said operation."

The appellant's contention that the motion by the plaintiff and Wagner & Kelly was, in effect, an untimely motion for summary judgment (see CPLR 3212 [a]; Brill v City of New York, 2 NY3d 648 [2004]), and her remaining contentions are without merit.

Accordingly, we modify the order, on the law, by deleting the provision thereof granting that branch of the motion of the plaintiff and the third-party defendant which was to dismiss the first affirmative defense, and substituting therefor a provision denying that branch of the motion, and as so modified, the order is affirmed insofar as appealed from.

LIFSON, FLORIO and CHAMBERS, JJ., concur.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the plaintiff and the third-party defendant which was to dismiss the first affirmative defense, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the respondents.