In an action, inter alia, to recover the proceeds of an insurance policy, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated November 5, 2007, as denied its motion for summary judgment dismissing the complaint without prejudice to renew upon completion of discovery, and granted those branches of the plaintiffs cross motion which were for summary judgment dismissing the defendant’s first, third, fifth, eighth, ninth, tenth, fifteenth, and twentieth affirmative defenses.
Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the plaintiffs cross motion which were for summary judgment dismissing the first, third, fifth, eighth, ninth, tenth, fifteenth, and twentieth affirmative defenses and substituting therefor a provision denying those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On December 26, 2002 a massive fire caused substantial damage to two buildings used to manufacture and store candles and the personal property inside the buildings. In a letter dated *657 August 20, 2004, the defendant Seneca Insurance Company, Inc. (hereinafter Seneca) disclaimed coverage for the losses on the ground, inter alia, that the New York corporation that previously owned the candle business and the buildings had sold them to the plaintiff Old Williamsburg Candle Corp., a Delaware corporation, before the fire occurred and that the plaintiff was not a named insured on the subject insurance policy.
Contrary to Seneca’s contention, the Supreme Court properly denied its motion for summary judgment without prejudice to renew the motion upon the completion of the outstanding court-ordered discovery (see McGlynn v Palace Co., 262 AD2d 116 [1999]; WPP Group USA v Interpublic Group of Cos., 228 AD2d 296 [1996]; Campbell v City of New York, 220 AD2d 476 [1995]). In particular, the plaintiff was entitled to depose an employee in Seneca’s underwriting department and the employee who investigated the subject insurance claims.
The Supreme Court also granted that branch of the plaintiffs cross motion which was for summary judgment dismissing the first affirmative defense, which alleged that the complaint failed to state a cause of action, based on the rule that such a defense should not be raised in an answer but should be raised by an appropriate motion pursuant to CPLR 3211 (a) (7) (citing Plemmenou v Arvanitakis, 39 AD3d 612, 613 [2007]). About one year later, on November 18, 2008, this Court issued an opinion stating, inter alia, that Plemmenou and similar cases did not articulate the correct legal standard that CPLR 3211 (a) (7) expressly permits a defendant to raise in a pleading the defense that a complaint does not state a cause of action and, therefore, those cases should no longer be followed (see Butler v Catinella, 58 AD3d 145 [2008]). All of the briefs in this case were filed in this Court before Butler was published.
Traditionally, cases on direct appeal should be decided in accordance with the law as it exists at the time the appeal is decided (see People v Favor, 82 NY2d 254, 260 [1993]; Matter of Americorp Sec. v Sager, 239 AD2d 115, 116-117 [1997]). Accordingly, that branch of the plaintiffs cross motion which was for summary judgment dismissing the first affirmative defense should have been denied.
The Supreme Court improperly dismissed the seven affirmative defenses that plead fraud, misrepresentation, and concealment of material facts, on the ground that Seneca “failed to plead these claims with the required specificity.” In support of that conclusion, the court cited CPLR 3016 (b), which provides, in relevant part, that “[w]here a cause of action or defense is based upon misrepresentation [and] fraud . . . the circumstances constituting the wrong shall be stated in detail.”
*658 However, Seneca moved, and the plaintiff cross-moved, for summary judgment pursuant to CPLR 3212. In conjunction with those motions, the parties submitted enough evidentiary material, including affidavits, deposition transcripts, and numerous documents, to support the allegations of misrepresentation and fraud. In assessing the adequacy of the pleadings, the Supreme Court should have considered that evidence (see Big Apple Car v City of New York, 204 AD2d 109 [1994]).
In short, Seneca adduced evidence that raised triable issues of fact as to whether the New York corporation and/or the plaintiff concealed or misrepresented material facts in the application for, the procurement of, and the submission of claims under, the subject insurance policy. In light of these factual questions, the Supreme Court should have denied those branches of the plaintiff’s cross motion which were for summary judgment dismissing those affirmative defenses alleging fraud, misrepresentation, and concealment of relevant facts (see Faulkner v City of New York, 47 AD3d 879 [2008]; Lopez v 121 St. Nicholas Ave. H.D.F.C., 28 AD3d 429 [2006]; Petracca v Petracca, 305 AD2d 566, 568 [2003]). Fisher, J.P., Miller, Angiolillo and Hall, JJ., concur.