Alan Kachalsky, Appellant,
against
Neveen M. Nesheiwat, Esq., Respondent.




Alan Kachalsky, Esq., appellant pro se.
Naveen M. Nesheiwat, Esq., respondent pro se.

Appeal from an order of the City Court of Yonkers, Westchester County (Evan Inlaw, J.), entered May 4, 2015. The order, insofar as appealed from, denied the branches of plaintiff's motion seeking to dismiss defendant's affirmative defenses and to deem several of defendant's responses to the notice to admit as admissions, and granted the branch of plaintiff's motion seeking to compel proper responses to the demand for discovery and inspection only to the extent that defendant was to produce certain specified documents sought in the demand labeled #5.




ORDERED that the order, insofar as appealed from, is modified by providing that the branch of plaintiff's motion seeking to dismiss the sixth and tenth affirmative defenses is granted; as so modified, the order, insofar as appealed from, is affirmed, without costs.
Plaintiff, an attorney, brought this action against defendant, an attorney, to recover for legal services plaintiff had performed, at defendant's request, on one of defendant's matrimonial cases. Plaintiff's complaint asserted causes of action based on a breach of an oral contract, unjust enrichment and an account stated. Defendant served an answer with 10 affirmative defenses. Plaintiff moved, pursuant to CPLR 3124, to compel defendant to provide complete and proper responses to a demand for discovery and inspection; pursuant to CPLR 3211 (b), to dismiss defendant's affirmative defenses; and, pursuant to CPLR 3123, to deem defendant to have [*2]admitted certain requests for admissions set forth in a notice to admit. Plaintiff appeals from so much of an order of the City Court as denied the branches of plaintiff's motion seeking to dismiss defendant's affirmative defenses 1 through 6 and 8 through 10, and to deem several responses to the notice to admit as admissions, and granted the branch of plaintiff's motion seeking to compel proper responses to the demand for discovery and inspection only to the extent that defendant was to produce certain specified documents sought in the demand labeled #5.
Affirmative defenses pleaded as conclusions of law, which are not supported by factual allegations, are insufficient and subject to dismissal (see Moran Enters., Inc. v Hurst, 96 AD3d 914 [2012]; Plemmenou v Arvanitakis, 39 AD3d 612 [2007]). The deficiencies in defendant's affirmative defenses 1 through 5, 8 and 9 were remedied by the affidavit submitted in opposition to plaintiff's motion. However, defendant's sixth affirmative defense, asserting the doctrine of laches, unclean hands, waiver and/or estoppel, is pleaded as a single-sentence conclusion of law and defendant failed to cure this, in her affidavit in opposition to plaintiff's motion, by giving notice as to the material elements of this defense (see First Data Merchant Servs. Corp. v Olympia York Bldrs. and Devs., Inc., 14 Misc 3d 1228[A], 2007 NY Slip Op 50203[U] [Sup Ct, Kings County 2007]). Consequently, the sixth affirmative defense should have been dismissed. 
Defendant's tenth affirmative defense should also have been dismissed as an ineffective catchall provision (see Scholastic Inc. v Pace Plumbing Corp., 129 AD3d 75 [2015]).
Plaintiff's remaining contentions are without merit.
Accordingly, the order, insofar as appealed from, is modified by dismissing defendant's sixth and tenth affirmative defenses.
Marano, P.J., and Brands, J., concur.
Tolbert, J., taking no part.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 31, 2017